

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---
### NO. PD-1611-08
---

**GABRIEL LEMELL PRUDHOLM, Appellant**

**v.**

**THE STATE OF TEXAS**

---
### ON DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS  COUNTY
---

Womack, J., delivered the opinion of the unanimous Court.

This is an appeal from a sentence that was enhanced under Penal Code Section 12.42(c)(2), which mandates a life sentence for a defendant convicted of a sex-related offense listed in Subsection (A) if the defendant has been previously convicted of a Texas offense listed in Subsection (B), or an offense "under the laws of another state containing elements that are substantially similar to the elements" of a Texas offense listed in Subsection (B).[1] This case requires us to decide whether the California offense of sexual battery contains elements that are

---

[1] TEX. PEN. CODE § 12.42(c)(2)(B)(v).

substantially similar to the elements of the Texas offenses of sexual assault or aggravated kidnapping. We hold that it does not.

## I. Background

A Harris County jury found the appellant guilty of compelling prostitution[2] and sexual assault of a child.[3] The indictments for both offenses alleged that the appellant had been previously convicted in California of the felony offense of sexual battery.[4] The jury found these allegations to be true. For compelling prostitution, the jury assessed punishment of 99 years in prison. For sexual assault of a child, the jury assessed punishment of life in prison pursuant to Section 12.42(c)(2).

This appeal is from only the sexual assault of a child case.

The appellant argued that the trial court erred in finding that California sexual battery was substantially similar to any of the enumerated offenses in Section 12.42(c)(2)(B), and therefore the trial court also erred in instructing the jury that a life sentence was mandatory for the sexual-assault-of-a-child conviction if the jury found the enhancement allegation to be true. In reply, the State argued that the elements of sexual battery were substantially similar to the elements of the enumerated offenses of sexual assault[5] and aggravated kidnapping.[6] The Court of Appeals held for the appellant.[7] We granted the State's petition for discretionary review to determine whether

---

[2] TEX. PEN. CODE § 43.05.

[3] TEX. PEN. CODE § 22.011(a)(2).

[4] CAL. PENAL CODE § 243.4.

[5] TEX. PEN. CODE § 22.011(a)(1).

[6] TEX. PEN. CODE § 20.04(a).

[7] *Prudholm v. State*, 274 S.W.3d 236, 238 (Tex. App.–Houston [1st Dist.] 2008).

the Court of Appeals erred in finding that sexual battery does not contain elements that are substantially similar to the elements of any of the enumerated offenses in Section 12.42(c)(2)(B), and whether the Court of Appeals consequently erred in finding that the trial court erred in submitting the enhancement instruction to the jury.

## II. Interpreting "Substantially Similar"

Penal Code Section 12.42 provides enhanced penalties for repeat felony offenders. As we said in *Griffith v. State*, Section 12.42(c)(2) effectively creates a "two-strikes policy" for repeat sex offenders in Texas, embodying the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders.[8] Section 12.42(c)(2) mandates a life sentence for a defendant convicted of a sexual offense listed in Section 12.42(c)(2)(A) that he committed after having been previously convicted of any of the enumerated sexual offenses in Section 12.42(c)(2)(B), or "under the laws of another state containing elements that are *substantially similar* to the elements of an [enumerated] offense."[9]

---

[8] 116 S.W.3d 782, 786 (Tex. Cr. App. 2003).

[9] TEX. PEN. CODE § 12.42(c)(2)(B)(v) (emphasis added). Many states significantly enhance punishment for offenders who have been previously convicted of enumerated serious offenses within that state, or comparable offenses in a foreign state. The most common approaches to identifying comparable offenses in a foreign state can be grouped into four categories: (i) the conduct committed by the defendant in the foreign state would be punishable as an enumerated offense if committed within the sentencing state, *see, e.g.,* ME. REV. STAT. tit. 17, § 1252, 4-B; NEV. REV. STAT. 200.366(4); GA. CODE ANN. § 17-10-7(b)(2); (ii) the foreign offense is similar to an enumerated offense, *see, e.g.,* DEL. CODE ANN. tit. 11, § 773(c)(4); KAN. STAT. ANN. § 21-4504; N.C. GEN. STAT. § 7.7(b); (iii) the elements of the foreign offense are the same as the elements of an enumerated offense, *see, e.g.,* CAL. PENAL CODE § 667.71; N.Y. PENAL LAW § 70.04(b); ARIZ. REV. STAT. § 13-706; and (iv) as in Texas, the elements of the foreign offense are similar to the elements of an enumerated offense, *see, e.g.,* FLA. STAT. ch. 775.084(1)(c) (defining "three-time violent felony offender" as a person who has been previously convicted of two or more enumerated offenses, or "an offense which is in violation of a law of any other jurisdiction if the elements of the offense are substantially similar to the elements of any [enumerated] offense"); WYO. STAT. ANN. § 6-2-306(b), (d) (requiring life in prison without parole for a person convicted of an enumerated offense after having been previously convicted of two or more enumerated offenses "or a criminal statute from another jurisdiction containing the same or similar elements as [an enumerated offense]"); CONN. GEN. STAT. § 53a-40(b). The contrast between the first three approaches and the Texas approach highlights our statute's focus on similarity between elements, as opposed to the conduct committed, similarity between offenses, or equivalence between elements.

While the phrase "substantially similar" has not been defined by statute, our precedent and established canons of statutory construction provide insight into its meaning. Our only case to apply the phrase to the laws of another state is *Ex parte White*.[10] In *White*, the defendant had been previously convicted in Delaware of unlawful sexual contact in the second degree, which was committed "when [a person] intentionally has sexual contact with another person who is less than 16 years of age or causes the victim to have sexual contact with him or a third person."[11] We found that the Delaware offense contained elements that were substantially similar to the elements of the Texas offense of indecency with a child, which is committed when, "with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person: … engages in sexual contact with the child or causes the child to engage in sexual contact …."[12]

Our finding in *White* warranted no discussion, but it is helpful to compare the statutes that were involved. We held that the statutes were substantially similar despite three differences in the elements of the offenses: (i) the circumstance of the victim's age was different by one year; (ii) the Delaware offense did not contain an element that the victim was "not the person's spouse"; and (iii) the Delaware offense defined "sexual contact" as a touching which, "under the circumstances as viewed by a reasonable person, is intended to be sexual in nature,"[13] whereas

---

[10] 211 S.W.3d 316, 318 (Tex. Cr. App. 2007). In *Griffith*, we used the existence of Section 12.42(c)(2)(B)(v) to support our holding that the enumerated offenses in Section 12.42(c)(2)(B) include the statutory predecessors to those offenses. 116 S.W.3d, at 788.

[11] *White*, 211 S.W.3d, at 318 (quoting DEL. CODE ANN. tit. 11, § 768).

[12] *Id.* (quoting TEX. PEN. CODE. § 21.11(a)). In 2009, the phrase "and not the person's spouse" was replaced by "of age." The spouse element was moved to Section 21.11(b-1) and recast as an affirmative defense. Act of May 30, 2009, 81st Leg., R.S., ch. 260, § 1.

[13] DEL. CODE ANN. tit. 11, § 761(f).

the Texas offense defined "sexual contact" as a touching, if committed "with the intent to arouse or gratify the sexual desire of any person."[14] The one-year age difference provides a good example of elements that are substantially similar, but not identical. The absence of the spouse element in the Delaware offense shows that one offense need not have every element of the other. Finally, the difference in the specific intent shows that, while an element of the foreign offense can be proved by a fact that would be insufficient to prove the respective Texas element,[15] the elements may still be substantially similar.

*White* thus provided helpful examples of how the phrase is applied, but did not attempt to provide a general interpretation of "substantially similar."

We may derive such a general interpretation by applying established canons of statutory construction relating to the text.[16] Pursuant to such established canons of construction, we may presume that each word in the statute has a purpose, and that words not defined in the statute are used in their ordinary and common sense.[17] In common usage, "substantial" means "to a large

---

[14] TEX. PEN. CODE § 21.11(c).

[15] For example, a Delaware defendant could be convicted for a touching that was intended to be sexual in nature but was ultimately intended to embarrass or humiliate the victim, whereas such intent would not suffice under the Texas statute to show an intent to arouse or gratify any person's sexual desire.

[16] We held in *Boykin v. State* that "if the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning." 818 S.W.2d 782, 785 (Tex. Cr. App. 1991) (citing 82 C.J.S. *Statutes* for established canons of construction); *see also id.*, at 785 n.3 (noting that these canons of construction "are no more than rules of logic for the interpretation of texts"). Only when the plain language "would lead to absurd results, or if the language is not plain but rather ambiguous, … is it constitutionally permissible for a court to consider … *extra*textual factors." *Id.*, at 785.

[17] 82 C.J.S. *Statutes* §§ 385, 386 (2009); *see also* TEX. GOV'T CODE § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); TEX. GOV'T CODE § 311.021(2) ("In enacting a statute, it is presumed that … the entire statute is intended to be effective.").

extent" while "similar" means "having a likeness or resemblance."[18] Together with comparative words like "similar," "majority," or "probability," the combination with "substantial" or "substantially" means something significantly greater than the modified word, whereas with absolute words like "complete," "certain," or "all," the combination with "substantially" means something only slightly less than the modified word ("similar").. Based on this common usage, we hold that the elements being compared pursuant to Penal Code Section 12.42(c)(2)(B)(v) must display a high degree of likeness, but may be less than identical.

We are still left, however, with the critical question of the respect in which the elements must display a high degree of likeness. For example, elements could be substantially similar with respect to general characteristics such as terminology, function, and type[19] of element, or with respect to specific characteristics such as the seriousness of violent or sexual aspects. The provisions guiding statutory construction in Penal Code Section 1.02, entitled Objectives of Code, suggest the answer to this question:

> The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of the code are intended, and shall be construed, to achieve the following objectives: … (3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual

---

[18] *The Random House Dictionary of the English Language* 1897, 1782 (2d ed. 1987); *see Ex parte Reick*, 144 S.W.3d 510, 512 (Tex. Cr. App. 2004) ("In determining the plain meaning of a word, we initially look to dictionary definitions.").

[19] Section 1.07(a)(22) of the Penal Code defines the term "element of offense" to include four types: the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense.

offenders.[20]

Therefore, based on the objectives in Penal Code Section 1.02, we further hold that the elements must be substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offenses.[21]

While we ultimately affirm the judgment of the Court of Appeals, we must clarify its interpretation of "substantially similar." First, "that a person guilty of the [foreign] law would also be guilty under the Texas law"[22] is not a dispositive consideration. On the contrary, in *White* we found elements to be substantially similar despite the possibility that a person could be found guilty in Delaware on proof of facts insufficient to prove guilt in Texas.[23] Also, this Court has not

---

[20] *See also* 82 C.J.S. *Statutes* § 399 ("In construing a statute to give effect to the intent or purpose of the legislature, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, and the purpose to be served.").

[21] We do not find the phrase "substantially similar" to be ambiguous, and thus need not resort to extratextual factors. But we note that the application of similar statutory provisions in Wyoming and Florida, *see supra* at n.11, supports our holding. In *Heinemann v. State*, the Supreme Court of Wyoming found elements to be similar based on a similar "danger to society," supporting our look to individual or public interests protected. The Court held that because a Colorado sexual assault offense "contain[ed] the same or similar elements" as a Wyoming sexual assault offense, an attempt to commit the Colorado offense could also be used for enhancement. 12 P.3d 692, 698 (Wyo. 2000). The Court reasoned that "the distinction between an attempt and a completed crime is only whether the antisocial behavior succeeded. The danger to society is the same whether or not an offender succeeds in his criminal endeavor." *Id*.

In *Robinson v. State*, the Supreme Court of Florida considered the impact of an element on the seriousness of an offense. 692 So.2d 883, 887 (Fla. 1997). The Court held that the elements of the Georgia offense of robbery by sudden snatching ("A person commits the offense of robbery when, with the intent to commit theft, he takes property of another from the person or the immediate presence of another … by sudden snatching") were not substantially similar to the elements of the Florida offense of robbery ("[t]he taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear"). *Id*. (quoting GA. CODE. ANN. § 16-8-40; FLA. STAT. § 812.13(1)). The Court found that the elements were not substantially similar because to prove robbery, "there must be resistance from the victim that is overcome by the physical force of the offender." *Id*., at 886. The difference was significant because "Florida courts have consistently recognized that in snatching situations, the element of force … distinguishes the offenses of theft and robbery." *Id*., at 887.

[22] *Prudholm*, 274 S.W.3d, at 240 (discussing *White*).

[23] *See supra*, at 5.

"held the elements of another state's law to be substantially similar to the elements of an [enumerated offense] when the elements of the other State's law *parallel* the elements of a single Texas offense."[24] We have found no legal authority for this "parallel" test, and it seems of little assistance in applying the statute.

### III. Application

We must first determine to which offense the appellant's prior conviction should be compared. Before trial, the State argued that the elements of sexual battery were substantially similar to the elements of aggravated kidnapping. In its reply on direct appeal, however, the State also compared sexual battery to sexual assault. The Court of Appeals discussed sexual assault, but it did not discuss aggravated kidnapping.[25]

In its petition for discretionary review, the State again argues sexual assault and aggravated kidnapping as alternative possibilities, and the appellant has responded to both possibilities. We shall therefore analyze whether the elements of sexual battery are substantially similar to the elements of either sexual assault under Section 22.011(a)(1) or aggravated kidnapping under Section 20.04(a)(4). We shall set out the full text of each offense and its defined terms, break the offenses into elements conducive to comparison, and then look for substantial similarity between elements.

---

[24] *Id.*, at 239 (emphasis added). *See also Prudholm*, 274 S.W.3d, at 244 (Keyes, J., dissenting) (arguing that the appellant's California conviction was "directly parallel to" Texas aggravated kidnapping); *Wagner v. State*, 2009 WL 838187, at *14 (Tex. App.–Houston [14th Dist.] March 31, 2009, pet. ref'd) ("Elements of another state's law are considered substantially similar … when the elements of the other state's law parallel the elements of a single Texas offense.") (citing *Prudholm*).

[25] *Id.*, at 241; *but see Prudholm*, 274 S.W.3d, at 244 (Keyes, J., dissenting) (finding sexual battery to be "directly parallel to" aggravated kidnapping).

## A. California Sexual Battery

The appellant was previously convicted of a 1996 sexual battery under California Penal Code Section 243.4(a). Below are portions of the statute as it appeared at the time the appellant committed the offense in 1996:[26]

> 243.4. (a) Any person who touches an intimate part of another person *while that person is unlawfully restrained by the accused or an accomplice*, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. …
>
> (d) (1) Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery, ….
> (2) As used in this subdivision, "touches" means physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim.
>
> (e) As used in subdivisions (a), (b), and (c), "touches" means physical contact with the skin of another person whether accomplished directly or through the clothing of the person committing the offense.
>
> (f) As used in this section, the following terms have the following meanings:
> (1) "Intimate part" means the sexual organ, anus, groin, or buttocks of any person, and the breast of a female.
> (2) "Sexual battery" does not include the crimes defined in Section 261 (rape) or 289 (sexual penetration). …[27]

Subdivision (d) contained the root of the offense, which was a misdemeanor punishable

---

[26] Punishment may be enhanced under Section 12.42(c)(2) (as it appeared at the time the instant offense was committed) if the law of another state (as it appeared at the time the previous offense was committed) contains elements that are substantially similar to the elements of an enumerated Texas offense (as it appeared at the time the instant offense was committed). *See Griffith*, 116 S.W.3d, at 785 (applying Section 12.42(c)(2) as it appeared at the time the instant offense was committed); *see also Scott v. State*, 55 S.W.3d 593 (Tex. Cr. App. 2001) (discussing *ex post facto* limitations on application of Section 12.42(c)(2)).

[27] CAL. PENAL CODE § 243.4 (emphasis added). A new subdivision (c) specifying additional aggravating conduct was inserted by a 2002 amendment.

by up to six months imprisonment.[28] Subdivisions (a) through (c) included aggravating conduct or circumstances, which we have italicized in subdivision (a), and were felonies punishable by up to four years imprisonment.[29] While the phrase "unlawfully restrained" was not defined by statute, California courts interpreted the phrase such that a person is unlawfully restrained "when his or her liberty is being controlled by words, acts or authority of the perpetrator aimed at depriving the person's liberty, and such restriction is against the person's will."[30]

For purposes of comparison, we will align and number the elements of the offense, together with statutory and judicial definitions, as follows:

(I) for the purpose of sexual arousal, sexual gratification, or sexual abuse,

(II) a person touches (physical contact with the skin of another person whether accomplished directly or through the clothing of the person committing the offense),

(III) an intimate part of another person (the sexual organ, anus, groin, or buttocks of any person, and the breast of a female),

(IV) while that person is unlawfully restrained by the accused or an accomplice (his or her liberty is being controlled by words, acts or authority of the perpetrator aimed at depriving the person's liberty, and such restriction is against the person's will), and

(V) the touching is against the will of the person touched.

### B. Texas Sexual Assault

The offense of sexual assault is defined in Penal Code Section 22.011(a)(1) as follows:

(a) A person commits an offense if the person

---

[28] CAL. PENAL CODE § 243.4(d)(1).

[29] CAL. PENAL CODE § 243.4(a)-(c).

[30] *People v. Arnold*, 7 Cal. Rptr. 2d 833, 6 Cal.App.4th 18, 28 (Cal. Ct. App. 1992) (quoting *People v. Pahl*, 277 Cal. Rptr. 656, 226 Cal. App. 3d 1651, 1661 (Cal. Ct. App. 1991)).

(1) intentionally or knowingly:

>   (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;

>   (B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or

>   (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor ....[31]

Sexual assault is a second degree felony and as such is punishable by up to 20 years imprisonment.[32]

For purposes of comparison to sexual battery, the elements of sexual assault may be aligned and numbered according to the following two alternatives:

One

(I) intentionally or knowingly,

(II) a person causes the penetration,

(III)    (A) of the anus or sexual organ of another person by any means, or
         (B) of the mouth of another person by the sexual organ of the actor,

(V) without the other person's consent; or

Two

(I) intentionally or knowingly,

(II) a person causes the contact or penetration,

(III) by the sexual organ of the victim to the mouth, anus, or sexual organ of another person, including the actor,

---

[31] TEX. PEN. CODE § 22.011(a). This definition has not changed since the commission of the instant offense.

[32] TEX. PEN. CODE §§ 22.011(f), 12.33(a).

(V) without the victim's consent.

## C. Texas Aggravated Kidnapping

The offense of aggravated kidnapping under Penal Code Section 20.04(a) may be used as a previous conviction under Section 12.42(c)(2)(B) "if the defendant committed the offense with the intent to violate or abuse the victim sexually."[33] Aggravated kidnapping is defined as follows:

> (a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:
>
> . . .
>
> (4) inflict bodily injury upon him or violate or abuse him sexually.[34]

Aggravated kidnapping is a first degree felony and as such is punishable by up to life or 99 years imprisonment.[35] The Penal Code defines "abduct" to mean "to restrain a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force."[36] "Restrain" means "to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person."[37] This Court has recognized that the intent to "violate or abuse [the victim] sexually" is not further defined within the Penal Code, but we have interpreted the element as an intent to commit a "non-consensual

---

[33] TEX. PEN. CODE § 12.42(c)(2)(B)(iii).

[34] TEX. PEN. CODE § 20.04(a). This definition has not changed since the commission of the instant offense.

[35] TEX. PEN. CODE §§ 20.04(c), 12.32(a).

[36] TEX. PEN. CODE § 20.01(2).

[37] TEX. PEN. CODE § 20.01(1).

sex act" upon the victim.[38]

For purposes of comparison to sexual battery, the elements of aggravated kidnapping, together with statutory and judicial definitions, may be aligned and numbered as follows:

(I) intentionally or knowingly, and

(II, III, V) with intent to abuse the victim sexually (commit a non-consensual sex act),

(IV) a person abducts another person (restricts a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person, with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force).

D. Analysis

Sexual battery does not contain elements that are substantially similar to the elements of sexual assault. The "touching" of an "intimate part" involved in elements II and III of the California offense encompasses a markedly different range of conduct than the "penetration or contact" of a person's "anus" or "sexual organ" involved in elements II and III of the Texas offense. Indeed, Section 243.4(f)(2) of the California Penal Code specifically excludes the California crimes of rape and sexual penetration from the scope of sexual battery. While the elements of the California and Texas offenses may be similar in a general sense, they do not display the high degree of likeness required to be substantially similar.

In addition, the individual interests protected by the sexual elements of the California offense are more like those interests protected by the Texas offense of assault under Section 22.01(a)(3) – protection from the offensiveness of the contact – rather than those of the Texas

---

[38] *Phillips v. State*, 597 S.W.2d 929, 936-37 (Tex. Cr. App. 1980); *see also Sanders v. State*, 605 S.W.2d 612, 615 (Tex. Cr. App. 1980).

sexual assault statute and the California rape and sexual penetration statutes – protection from the severe physical and psychological trauma of rape. Furthermore, the difference in the sexual elements results in a much less serious California offense. Without the restraint involved in element IV, which is absent in sexual assault, sexual battery is a misdemeanor punishable by only six months imprisonment, while sexual assault is a second degree felony punishable by 20 years imprisonment.

Aggravated kidnapping presents a closer question. The difference between the sexual elements of the offenses is worth noting, in that sexual battery contains a conduct element requiring the touching of an intimate part, whereas aggravated kidnapping contains a specific intent element requiring the intent to commit a non-consensual sex act. More importantly, sexual battery requires only an "unlawful restraint," which is interpreted as the control of a person's liberty, against his will, by words, acts or authority of the perpetrator aimed at depriving the person's liberty.[39] On the other hand, aggravated kidnapping requires an "abduction," which is an "unlawful restraint" – a substantial interference with the person's liberty, by moving the person from one place to another or by confining the person – committed with the specific intent to prevent the victim's liberation by secreting or holding him in a place where he is not likely to be found or using or threatening to use deadly force.[40] The additional, substantive specific-intent component of "abduction" suggests that the restraint elements do not display a high degree of likeness.

The distinct individual interests protected by the restraint elements support this

---

[39] *Arnold*, 6 Cal.App.4th, at 28.

[40] TEX. PEN. CODE § 20.01(2).

conclusion. The California "unlawful restraint" element protects individuals' liberty interests, while the Texas "abduction" element goes beyond protecting liberty interests to protect against the considerable risk of death or serious bodily injury involved in an abduction.[41] Moreover, the difference between the restraint elements causes a great difference in the seriousness of the offenses, as demonstrated by the punishments available. Even with arguably more serious sexual elements, sexual battery exposes a defendant to a maximum sentence of four years, whereas aggravated kidnapping exposes a defendant to a maximum sentence of life or 99 years.[42]

We conclude that sexual battery does not contain elements that are substantially similar to the elements of aggravated kidnapping or sexual assault. We therefore affirm the judgment of the Court of Appeals and remand the case to the trial court for further punishment proceedings.

Delivered March 16, 2011.
Publish.

---

[41] *See, e.g.,* MICHAEL B. CHARLTON, 6 TEXAS PRACTICE: TEXAS CRIMINAL LAW §11.4 ("Because the crux of aggravated kidnapping is the possibility of death or serious bodily injury to another, the Legislature included the six aggravating circumstances to cover those situations where the possibility of harm is greatest.").

[42] Similarly, the difference between the Texas elements of "restrains" and "abducts" elevates misdemeanor unlawful restraint to felony kidnapping, exposing a defendant to a ten-year rather than one-year maximum sentence. TEX. PEN. CODE §§ 20.02, 20.03.