

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1400-11

**RANDELL ERON OUTLAND, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE NINTH COURT OF APPEALS
## MONTGOMERY COUNTY

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, COCHRAN and ALCALÁ, JJ., joined. KEASLER, J., concurred.

The present case involves the enhancement provision that imposes an automatic life sentence for certain sexual offenders. For the purpose of that provision, we must decide whether a Utah offense for exploitation of a child contains elements that are substantially similar to Texas's child-pornography offense. We conclude that it does.

## I. BACKGROUND

Appellant was indicted for aggravated sexual assault. The indictment also alleged, for enhancement purposes, that appellant had previously been convicted in Utah of the offense of sexual

exploitation of a child. Upon appellant's conviction, the trial judge found the enhancement allegation to be true and imposed an automatic life sentence under Penal Code Section 12.42(c)(2). On appeal, appellant contended that the Utah offense was not the type of offense that could be used for enhancement under the automatic-life sentencing provision. The court of appeals rejected appellant's contention and affirmed the judgment.[1]

## II. ANALYSIS

Section 12.42(c)(2) provides, under certain conditions, for the assessment of an automatic life sentence for someone who is convicted of a sexual offense if he has previously been convicted of a sexual offense.[2] Under that enhancement provision, a person convicted of a sexual offense listed in subsection (A) must be sentenced to life if it is shown that he has previously been convicted of a sexual offense listed in subsection (B).[3] No one disputes that appellant's present conviction for aggravated sexual assault qualifies under subsection (A).[4] The question is whether the prior Utah offense qualifies under subsection (B).

Subsection (B) provides in relevant part that a prior conviction can be used for the automatic-life enhancement if "the defendant has been previously convicted of an offense: (i) under Section . . . 43.26, Penal Code . . . or (v) under the laws of another state containing elements that are

---

[1] *Outland v. State*, No. 09-10-00168-CR, slip op. at 10-12 (Tex. App.–Beaumont August 24, 2011) (not designated for publication).

[2] *See* TEX. PENAL CODE §12.42(c)(2).

[3] *See id.*

[4] *See id.*, § 12.42(c)(2)(A)(i).

substantially similar to the elements of an offense listed in Subparagraph (i)."[5]   Section 43.26

criminalizes the possession or promotion of child pornography.[6]  Appellant contends that the court

of appeals erred "because the elements of Utah's 'Sexual Exploitation of a Minor' Statute are not

substantially similar to the elements of Texas'[s] Child Pornography Statute."

To be considered substantially similar, "the elements being compared . . . must display a high

degree of likeness, but may be less than identical."[7]  A high degree of likeness may be displayed even

if "an element of the foreign offense can be proved by a fact that would be insufficient to prove the

respective Texas element."[8]  "[E]lements must be substantially similar with respect to the individual

or public interests protected and the impact of the elements on the seriousness of the offenses."[9]  But

there is no requirement that the elements of the other State's law parallel the elements of a single

Texas offense.[10]

With these principles in mind, we turn to the statutes in question.   The Texas child

pornography statute provides:

> "Sexual conduct" means sexual contact, actual or simulated sexual intercourse,
> deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse,
> or lewd exhibition of the genitals, the anus, or any portion of the female breast below

---

[5]  *Id.*, § 12.42(c)(2)(B)(i), (v).

[6]  *See* TEX. PENAL CODE § 43.26 (title).

[7]  *Prudholm v. State*, 333 S.W.3d 590, 594 (Tex. Crim. App. 2011).

[8]  *Id.*

[9]  *Id.* at 595.

[10]  *Id.*

the top of the areola.[11]

\* \* \*

(a) A person commits an offense if:

(1) the person knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct;  and

(2) the person knows that the material depicts the child as described by Subdivision (1).

\* \* \*

(d) An offense under Subsection (a) is a felony of the third degree.

(e) A person commits an offense if:

(1) the person knowingly or intentionally promotes or possesses with intent to promote material described by Subsection (a)(1);  and

(2) the person knows that the material depicts the child as described by Subsection (a)(1).

\* \* \*

(g) An offense under Subsection (e) is a felony of the second degree.[12]

The Utah "Sexual Exploitation of a Minor" statute under which appellant was convicted provided:

(1) A person is guilty of sexual exploitation of a minor:

(a) When he knowingly produces, distributes, possesses, or possesses with intent to distribute, material or a live performance depicting a nude or partially nude minor for the purpose of sexual arousal of any person or any person's engagement in sexual conduct with the minor.

(b) If he is a minor's parent or legal guardian and knowingly consents to or

---

[11]  *Id.*, § 43.25(a)(2).  "'Sexual conduct' has the meaning assigned by Section 43.25." *Id.*, § 43.26(b)(2).

[12]  *Id.*, § 43.26(a), (d), (e), (g).

permits that minor to be sexually exploited under Subsection (1)(a) above.

(2) Sexual exploitation of a minor is a felony of the second degree.[13]

Appellant argues that the Utah statute has an additional requirement that the Texas statute does not. He claims that the Utah statute requires that material depicting a child be produced "for the purpose of sexual arousal of any person or any person's engagement in sexual conduct with the minor"[14] while the Texas statute has no such requirement. He also argues that the Texas statute applies only to images that depict sexual conduct while the Utah statute contains no such requirement. Based upon these two distinctions, appellant concludes that the Utah and Texas statutes do not have substantially similar elements because the Utah statute contains a scienter element not found in the Texas statute and because the Texas statute contains "markedly different core elements."

> The State responds:
>
> Both the statutes at issue each criminalize the knowing possession of visual material that depicts a minor in a sexual situation. The Utah statute focuses on [the] guilty state of mind of the prurient possessor of a nude photograph of a child. The Texas statute focuses on whether material depicts the child engaging in sexual conduct. Each approach may attack the problem from a different angle, but the target—material that sexually exploits children for the perverse interests of the actor—remains the same.

We agree with the State. Both the Utah and Texas statutes are directed at the same individual and public interests: protecting children from sexual exploitation and the public from the

---

[13] UTAH CODE, § 76-5a-3 (1990).

[14] The Utah statute appears to be ambiguous regarding whether the phrase "any person's engagement in sexual conduct with a minor" modifies "purpose" or "depicting." Appellant's argument does not recognize this ambiguity and assumes that the phrase modifies "purpose." We will assume, for the sake of argument, that appellant's construction of the Utah statute is correct. The alternate construction (the phrase modifying "depicting") would make the statutes more similar.

dissemination of child pornography. And appellant does not contend that there is any significant

disparity in the seriousness of the Utah and Texas offenses.[15]

We affirm the judgment of the court of appeals.

Delivered: September 12, 2012
Publish

---

[15] The punishment range for the Texas offense—a second (or third) degree felony—is two to twenty years imprisonment (or two to ten years imprisonment) and a fine not to exceed $10,000. TEX. PENAL CODE §§ 12.33, 12.34. The punishment range for a second degree felony in Utah was and is one to fifteen years imprisonment and a fine not to exceed $10,000. UTAH CODE §§ 76-3-203(2), 76-3-301(1)(a).