In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00428-CV
_____


IN RE COMMITMENT OF BARRY SCOTT CLEAVELAND

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-01-00209 CV**
_____

**MEMORANDUM OPINION**

Barry Scott Cleaveland appeals from an order of commitment, rendered by the trial court based on a jury's finding that Cleaveland is a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). In four issues,[1] Cleaveland challenges (1) whether legally sufficient evidence supports the judgment; (2) whether factually sufficient evidence supports

---

[1]After Cleaveland's brief was filed, counsel for Cleaveland notified the Court that Cleaveland had decided to abandon his fifth issue. Cleaveland's fifth issue asserts the trial court erred by refusing two of the questions that Cleaveland asked the trial court to submit to the jury.

1

the judgment; (3) whether the trial court erred by granting the State's motion for directed verdict, which asserted that it had conclusively proven that Cleaveland had previously been convicted of more than one sexually violent offense; and (4) whether the trial court erred by excluding some of the testimony of his expert witness, a psychologist. Because the trial court did not err in rendering judgment based on the evidence and did not err by excluding the opinions of Cleaveland's expert, we affirm the trial court's judgment.

## Motion for Directed Verdict

### *Background*

First, we address issue three of Cleaveland's appeal because it is dispositive of Cleaveland's first three issues. In issue three, Cleaveland contends the trial court should have denied the State's motion for directed verdict on the question of whether he had previously been convicted of more than one sexually violent offense. Under the SVP statute, "[a] person is a repeat sexually violent offender for the purposes of [the SVP statute] if the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses[.]" Tex. Health & Safety Code Ann. § 841.003(b) (West Supp. 2013). As defined by the SVP statute, the term "repeat sexually violent offender" requires the State to show that the person it is seeking to commit for treatment is a repeat

sexually violent offender, and that the person suffers "from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. § 841.003(a) (West Supp. 2013).

According to the State, the evidence admitted during Cleaveland's trial conclusively established he had previously been convicted of two "sexually violent offenses" under the SVP statute. The State relies on evidence admitted during the trial concerning Cleaveland's conviction for criminal sexual contact of a minor, an offense that Cleaveland committed in 1987 in New Mexico. The State also relies on the evidence admitted during the trial concerning Cleaveland's conviction for indecency with a child (by contact), an offense that Cleaveland committed in 1997 in Texas. After Cleaveland rested, and relying on the evidence related to these two convictions, the State moved for a directed verdict on the issue of whether the evidence admitted during trial showed that Cleaveland had previously committed more than one "sexually violent offense." It is undisputed that each of Cleaveland's offenses involved a crime that Cleaveland committed against a child.

In his appeal, Cleaveland does not complain that his 1997 offense for indecency with a child, by contact, is not a sexually violent offense for the purposes of the SVP statute. Instead, Cleaveland challenges whether his 1987 New Mexico offense is a "sexually violent offense" for the purposes of the SVP statute.

*See* Tex. Health & Safety Code Ann. § 841.002(8)(G) (West Supp. 2013) (defining "sexually violent offense" to include "an offense under the law of another state, federal law, or the Uniform Code of Military Justice that contains elements substantially similar to the elements of an offense listed in Paragraph (A), (B), (C), (D), or (E)").

The question of whether the New Mexico offense is a "sexually violent offense" requires that we determine whether the New Mexico statute authorizing a conviction for criminal sexual contact of a minor is substantially similar to a Texas offense that constitutes a "sexually violent offense" under the SVP statute. *Id.* Based on the facts that led to his New Mexico conviction for criminal sexual contact of a minor, Cleaveland argues that the offense is not substantially similar to indecency with a child by contact, an offense that he agrees is a "sexually violent offense" for SVP purposes.

The factual circumstances in the record regarding Cleaveland's conviction for criminal sexual contact in New Mexico were limited. Based on Cleaveland's response in the SVP case to a request for admission, the record shows that during Cleaveland's 1987 offense he "bit the child on the buttocks." Given the limited development of the circumstances that led to his 1987 conviction, Cleaveland argues that his conviction for having bitten a child on the buttocks does not qualify

4

under the SVP statute as a "sexually violent offense." According to Cleaveland, had such conduct occurred in Texas, it would only allow him to be convicted of injuring a child, an offense that Cleaveland argues is not a "sexually violent offense" under the SVP statute. *See id.* § 841.002(8) (West Supp. 2013) (defining "sexually violent offense" to include offenses other than injury to a child); Tex. Penal Code Ann. § 22.04 (West Supp. 2013) (injury to a child). Cleaveland further notes that a conviction under Texas law for indecency with a child by contact, a qualifying "sexually violent offense" under the SVP statute, requires proof that the defendant touched the child's anus, breast, or any part of the child's genitals, or that the defendant touched any part of the body of a child with his anus, breast, or any part of his genitals. *See* Tex. Penal Code Ann. § 21.11(a)(1), (c) (West 2011). Comparing the evidence required to convict under the elements of the New Mexico statute and the evidence required to convict under the elements of the Texas injury to a child statute, and given the evidence at trial regarding the circumstances that led to his conviction of criminal sexual contact of a minor under New Mexico law, Cleaveland concludes that the State failed to show that he is a repeat sexually violent offender under the SVP statute. *See* Tex. Health & Safety Code Ann. § 841.003(b).

5

*Standard of Review*

Cleaveland's third issue challenges the trial court's decision to grant the State's motion for directed verdict. Under Texas law, a directed verdict is proper when no evidence of probative force raises a fact issue on a material question at issue under the moving party's pleadings. *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex. 1994). On appeal, a ruling on a motion for directed verdict is reviewed using a legal sufficiency standard. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).

The dispute between the State and Cleaveland concerns whether the Legislature intended for an offense of the type Cleaveland committed in New Mexico to qualify as a predicate "sexually violent offense" for purposes of commitment proceedings brought by the State under the SVP statute. As an issue of statutory construction, the matters Cleaveland raises in his third issue present legal questions that appellate courts review using a de novo standard. *See Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012); *see also MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010); *Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007).

In determining legislative intent, we presume "that: (1) compliance with the constitutions of this state and the United States is intended; (2) the entire statute is

intended to be effective; (3) a just and reasonable result is intended; (4) a result feasible of execution is intended; and (5) public interest is favored over any private interest." Tex. Gov't Code Ann. § 311.021 (West 2013). The words and phrases found in a statute "shall be read in context and construed according to the rules of grammar and common usage[,]" and those "that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *Id*. § 311.011 (West 2013). In construing a statute, we consider the "(1) object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency provision." *Id*. § 311.023 (West 2013).

In construing a statute, a court's primary objective "is to determine and give effect to the Legislature's intent." *Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, 410 S.W.3d 843, 853 (Tex. 2012). An unambiguous statute is interpreted according to its plain meaning when read as a whole. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). When the Legislature decides to enact a particular statute, we also presume that it did so "with

7

knowledge of the background law and with reference to it." *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 137 (Tex. 2013).

*Analysis*

The SVP statute requires that a person, before being civilly committed, be shown to have committed more than one sexually violent offense. *See* Tex. Health & Safety Code Ann. § 841.003(a), (b). The statutory definition of "sexually violent offense" includes "(A) an offense under Section . . . 21.11(a)(1), . . . Penal Code;" and "(G) an offense under the law of another state . . . that contains elements substantially similar to the elements of an offense listed in [Section 841.002(8)(A).]" *Id.* § 841.002(8).

In analyzing whether the statutes on which the parties rely are substantially similar, Cleaveland and the State rely on cases from the Court of Criminal Appeals evaluating similarities and differences between certain Texas statutes and the statutes of other states where out-of-state convictions were used to enhance the defendant's sentence. Under those circumstances, a court evaluating a substantial similarity issue is to compare the elements of the law in the other state to a Texas statute that describes a similar offense to determine whether the elements that are described by the two statutes display a high degree of likeness. *Prudholm v. State*, 333 S.W.3d 590, 592-93, 596, 599 (Tex. Crim. App. 2011) (comparing sexual

battery under California law to aggravated kidnapping and sexual assault under Texas law). However, in analyzing statutes used to enhance a defendant's sentence, the elements of the respective statutes may be less than identical and need not parallel one another precisely to support the conclusion that the two statutes describe substantially similar offenses. *Anderson v. State*, 394 S.W.3d 531, 535 (Tex. Crim. App. 2013).

Generally, in evaluating similarity, a Texas court evaluating whether a conviction from another state is based on a substantially similar statute is to consider the elements of the offense, not the specific conduct the defendant is alleged to have committed when he violated the statute. *Id.* at 536. In this type of comparative analysis, two statutes may display a high degree of likeness even if an element of the out-of-state offense can be proven by a fact that would be insufficient to prove the respective element under the Texas statute. *Outland v. State*, 389 S.W.3d 346, 347 (Tex. Crim. App. 2012). The statutes must also be substantially similar regarding the individual or public interests protected and the impact of the elements on the seriousness of the offenses. *Prudholm*, 333 S.W.3d at 595. If the statute's purpose is to prevent a similar danger to society, a court then evaluates whether the two offenses are substantially similar in class, in degree, and

with regard to the punishment ranges the two statutes allow. *Anderson*, 394 S.W.3d at 536.

With respect to the New Mexico statute at issue,[2] Cleaveland attached the text of the New Mexico penal statute for "Criminal sexual contact of a minor" to his brief. *See* Tex. R. Evid. 202. Section 30-9-13 defines "Criminal sexual contact of a minor" as "the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts." *See* N.M. Stat. Ann. § 30-9-13(A) (LexisNexis 2012). "For the purposes of this section, 'intimate parts' means the primary genital area, groin, buttocks, anus or breast." *Id.*

Although the parties reach opposite conclusions regarding whether the statutes at issue are similar, the briefs the parties filed compare section 30-9-13 of New Mexico's criminal laws with the provisions of section 21.11 of the Texas Penal Code, which contains the elements for the offense of indecency with a child (by contact). Under the Texas Penal Code, a person commits the offense of

---

[2]We have utilized the text of the 2012 version of the New Mexico Statute, section 30-9-13, as that is the version of the statute that Cleaveland attached to his appendix to support the arguments he advances in his brief. Although section 30-9-13 was amended after 1987, he has not argued that the elements of the offense materially changed from the date that he violated the statute. According to the State, as enacted in 1975, section 30-9-13 included the requirement that the improper contact with the minor be shown to have been committed by a person "other than one's spouse[.]"

"indecency with a child by contact" "if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . engages in sexual contact with the child or causes the child to engage in sexual contact[.]" *See* Tex. Penal Code Ann. § 21.11(a)(1). Section 21.11(c) defines "'sexual contact'" to mean "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child[] or [] any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person[,]" "if committed with the intent to arouse or gratify the sexual desire of any person[.]" *Id.* § 21.11(c).

Cleaveland argues these two statutes are dissimilar because the New Mexico statute includes parts of the body that the Texas statute does not. We note, however, that both section 30-9-13 and section 21.11 criminalize touching a child's anus, breast, or genitals. *See id.* Nevertheless, the New Mexico statute provides a somewhat larger zone of intimacy, as it criminalizes touching a child's groin or buttocks, while section 21.11 of the Texas Penal Code does not. *Compare* N.M. Stat. Ann. § 30-9-13, *with* Tex. Penal Code Ann. § 21.11. While New Mexico's Legislature has chosen to protect a somewhat larger zone of intimacy than the zone

11

protected by section 21.11, under both statutes the victim must be a child.[3] Thus, although the statutes protect somewhat different intimate parts and differ in the age of the class of persons protected, these differences are not substantial. Both statutes criminalize touching various intimate parts of a child's body for sexual purposes.

Cleaveland also argues that the statutes are dissimilar because they differ regarding the mens rea the State is required to prove to gain a conviction. According to Cleaveland, section 21.11 is a specific intent statute, which requires the actor to commit the prohibited conduct with the intent to gratify a sexual desire, while section 30-9-13 is a general intent statute, which does not require the State to show that the actor intended to gratify a sexual desire. *Compare* N.M. Stat. Ann. § 30-9-13, *with* Tex. Penal Code Ann. § 21.11(c).

We disagree that New Mexico has interpreted section 30-9-13's intent requirement in the way that Cleaveland describes. *See State of New Mexico v. Osborne*, 808 P.2d 624, 630 (N.M. 1991). Under section 30-9-13, the actor's conduct must be shown to be "unlawful" and "intentional[.]" N.M. Stat. Ann. § 30-9-13(A). Based on the requirement that the actor's conduct must be "unlawful," New Mexico juries are instructed they must find that "the defendant acted in a manner calculated to arouse or gratify sexual desire, or which otherwise intruded

_____

[3]Under the two statutes, there are also slight differences regarding the age a person is considered to be a child.

upon the child's bodily integrity or personal safety." *Osborne*, 808 P.2d at 630.

The *Osborne* Court suggested that trial courts utilize the following instruction for

that purpose:

> In addition to the other elements of Criminal Sexual Contact of a Minor, the State must prove beyond a reasonable doubt that the behavior was unlawful. For the behavior to have been unlawful it must have been done in a manner calculated to arouse or gratify sexual desire, or otherwise to intrude upon the bodily integrity or personal safety of [the victim]. Criminal Sexual Contact of a Minor does not include a touching for purposes of [reasonable medical treatment or] nonabusive [parental or] custodial child care.

*Id.* at 631. With respect to mens rea, we conclude that the respective statutes the

parties have compared are substantially similar. *Compare* N.M. Stat. Ann. § 30-9-

13, *with* Tex. Penal Code Ann. § 21.11.

Based on the differences already discussed, Cleaveland suggests that the

public interests protected by the respective statutes are dissimilar. Citing *Tex. Dept.*

*of Public Safety v. Anonymous Adult Tex. Resident*, Cleaveland argues that section

30-9-13 encompasses a markedly different range of conduct than Texas Penal

Code section 21.11(a)(1). *See* 382 S.W.3d 531, 538 (Tex. App.—Austin 2012, no

pet.). While the body parts where touching is prohibited under section 30-9-13 is

slightly broader than Texas Penal Code section 21.11, both statutes encompass

similar ranges of conduct that involve intimate contact with a minor, and both

protect children from sexual contact by adults. The New Mexico and Texas statutes

13

are directed at the same individual and public interests, protecting the public from such conduct and protecting the child's interest in his or her personal security. *See Outland*, 389 S.W.3d at 347-49 (noting that Utah's sexual exploitation of a minor statute and Texas's child pornography statute are directed at the same individual and public interests, protecting children from sexual exploitation and the public from the dissemination of child pornography).

Cleaveland also argues that the conduct he admitted to committing in his New Mexico case, biting a child on the buttocks, would not be considered a sexual offense had he committed that same conduct in Texas. According to Cleaveland, a complaint that a person bit a child on the buttocks could result in several possible charges under Texas law, all for non-sexual offenses, such as injury to a child, assault, or aggravated assault. *See* Tex. Penal Code Ann. §§ 22.01, 22.04(a) (West Supp. 2013), § 22.02 (West 2011). However, although Cleaveland argues that we should focus on his admitted conduct of biting the child on the buttocks, the substantial similarity analysis used in criminal cases generally requires that a court consider the elements of the respective offenses, not the specific conduct the defendant is alleged to have committed. *See Anderson*, 394 S.W.3d at 536.

Relying on *Tex. Dept. of Public Safety v. Garcia*, Cleaveland suggests that courts do not always focus on the elements of an offense in determining whether

14

two statutes are substantially similar. 327 S.W.3d 898, 906-07 (Tex. App.—Austin 2010, pet. denied). He notes that in some cases, courts have looked to the defendant's specific conduct in analyzing whether two statutes are substantially similar. *Id*. In *Garcia*, the Austin Court of Appeals noted that the Oregon statutory-rape statute was substantially similar to the corresponding Texas statute, except that the Oregon statute applied to consensual sex with persons under eighteen while the Texas statute applied only to consensual sex with persons under seventeen. *Id.* In *Garcia*, it was undisputed that Garcia's girlfriend was seventeen and the charged conduct would not be criminal under Texas law. *Id.* Under those facts, the Austin Court of Appeals concluded that the two statutes were not substantially similar for purposes of determining whether Garcia had a duty to register under the sex offender registration statute. *Id.*; *see Lawrence v. Texas*, 539 U.S. 558, 578 (2003) (distinguishing the State's interest in protecting children from the lack of legitimate state interest in regulating sexual conduct between consenting adults).

We conclude that the exception discussed in *Garcia* does not apply to Cleaveland's case. Unlike the circumstances in *Garcia*, Cleaveland's conduct—biting a child on the buttocks—is a crime in both states. And, in Cleaveland's case, the question is whether the Legislature intended to include the type of conduct

15

Cleaveland was convicted of committing in New Mexico available to be used to show that the person has a behavioral abnormality that he has repeatedly demonstrated an inability to control.[4] In contrast, the issue in *Garcia* concerned whether the Legislature intended to allow the State to use Garcia's conviction in Utah based on conduct that Texas treats as legal to enhance Garcia's sentence for another crime he committed in Texas.

When reviewing sentence enhancements in criminal cases, courts comparing statutes for substantial similarity also consider similarities and differences in the respective statutes as they relate to the classes of defendants the two statutes include, the degree of the severity of the crimes the statutes describe, and the punishment ranges for the crimes under the statutes being compared. *Anderson*, 394 S.W.3d 537. In Texas, Indecency with a Child by Contact is a second degree felony, an offense that carries a punishment range of two to twenty years of imprisonment. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d); *see also id.* § 12.33

---

[4]As we discuss in addressing issue four, there is evidence in the trial record that the incident that resulted in Cleaveland's conviction for criminal sexual contact of a minor included contact by Cleaveland with the child's genitals. The New Mexico indictment was neither in evidence nor was it read to the jury, but during Cleaveland's offer of proof, Dr. Marisa Mauro indicated that the indictment alleged that Cleaveland unlawfully and intentionally touched or applied force to the intimate parts of a three-year-old child, but she did not specify the manner and means of that contact. Because it is not necessary to our resolution of issue three, we need not decide whether Cleaveland's New Mexico conviction was based on the mouth-to-genital contact or mouth-to-buttocks contact.

16

(West 2011). When committed on a child under age thirteen, as was Cleaveland's New Mexico victim, an offense under section 30-9-13 is either a second or third degree felony. *See* N.M. Stat. Ann. § 30-9-13(B)(1), (C)(1).[5] Under New Mexico's laws, if the criminal sexual contact occurred on a part of the child's body that was unclothed, the offense is a second degree felony, but if the contact occurred on a part of the child's body that was clothed, the offense is a third degree felony. *Id.* An offender convicted of criminal sexual contact of a minor in New Mexico receives a six year or a fifteen year sentence, depending upon whether the child was clothed or unclothed, while an offender convicted of indecency with a child (by contact) in Texas receives a punishment that may range from two to twenty years, as determined by the finder-of-fact. *Compare* N.M. Stat. Ann. § 31-18-15(5), (8), *with* Tex. Penal Code Ann. § 12.33(a).

---

[5]Neither Cleaveland nor the State compares the classification and punishment ranges for the Texas and New Mexico offenses to determine whether they are substantially similar. *Anderson*, 394 S.W.3d at 536. Because Cleaveland asked this Court to take judicial notice of the current version of the New Mexico offense and he did not provide the Court copies of any prior versions of section 30-9-13, we consider the version of the statute that he provided in his brief. However, he did not provide the Court with information regarding the punishment ranges available in New Mexico. Section 31-18-15(A)(5) requires a fifteen year term of imprisonment for a second degree felony for a sexual offense against a child. *See* N.M. Stat. Ann. § 31-18-15(A)(5) (LexisNexis 2013); *see also id.* § 30-9-13(B)(1). Section 31-18-15(A)(8) requires a six year term of imprisonment for a third degree felony for a sexual offense against a child. *See* N.M. Stat. Ann. § 31-18-15(A)(8) (LexisNexis 2013); *see also id.* § 30-9-13(C)(1).

While the punishment schemes that relate to the statutes at issue are not identical, the dissimilarities in punishment are not significant given the object of the SVP statute, the circumstances under which it was enacted, and the statute's legislative history.[6] *See* Tex. Gov't Code Ann. § 311.023. The SVP statute serves dual interests: (1) the State's power of *parens patriae*, which allows it to care for its citizens who, due to emotional disorders, are unable to adequately care for themselves; and (2) the State's police power, which allows the State to protect the community from the dangerous tendencies of those who lack volitional control over certain dangerous behaviors. *See In re Commitment of Fisher*, 164 S.W.3d 637, 651 (Tex. 2005). Through long-term supervision and treatment, the SVP statute addresses the risk of repeated predatory behavior by persons suffering from behavioral abnormalities not amenable to traditional mental illness treatment modalities. *See* Tex. Health & Safety Code Ann. § 841.001 (West 2010). The Legislature intended, through the SVP statute, to prevent repeated predatory

---

[6]Before the Legislature enacted the SVP statute, there were no prior statutes or common law provisions that authorized the State to seek the civil commitment of an otherwise mentally competent individual who had committed more than one prior sexually violent crime. *See generally In re Commitment of Fisher*, 164 S.W.3d 637, 641-42 (Tex. 2005). Additionally, the parties have not relied on any consequences of a particular construction, any administrative provisions that relate to the SVP statute's reference to substantially similar out-of-state statutes, or any relevant provisions that relate to the SVP's title, preamble, or emergency provisions as such may relate to the construction of this part of the statute. *See* Tex. Gov't Code Ann. § 311.023 (West 2013).

18

behavior by providing sex offender treatment to persons who are afflicted with such a difficulty in controlling their behaviors that they are predisposed to sexual violence, and thereby represent a menace to the health and safety of others. *See id.* § 841.002(2) (West Supp. 2013). While the terms of the sentences available under the respective statutes are not highly similar, the differences are not sufficiently dissimilar to cause us to conclude that the Legislature did not intend to include the crime that Cleaveland was convicted of committing in New Mexico from serving as a prior conviction of a sexually violent crime under the SVP statute.

Concerning the public interests that are at stake, the Legislatures in both New Mexico and Texas treat convictions under the respective statutes as convictions that require the defendant to thereafter register as a "sex offender." *See* N.M. Stat. Ann. §§ 19-11A-1; 29-11A-3(I)(3); 31-21-10.1(I)(3) (LexisNexis 2013); Tex. Code Crim. Proc. Ann. arts. 62.001(5)(A), (6)(A); 62.101(a)(1) (West Supp. 2013). For the purpose of gaining meritorious deductions on a sentence, New Mexico considers the offense of criminal sexual contact of a minor to be a "'serious violent offense[.]'" *See* N.M. Stat. Ann. § 33-2-34(L)(4)(g) (LexisNexis 2013). When a person is sentenced in a New Mexico court to prison for criminal sexual contact of a minor in the second or third degree, the court must include in the judgment a provision requiring the offender to serve an indeterminate period of

19

supervised parole for a period of not less than five years and up to the natural life of the sex offender. *See id.* § 31-21-10.1(A)(2). In New Mexico, the parole board may order a sex offender to participate in an outpatient or inpatient sex offender treatment program. *Id.* § 31-21-10.1(D)(2). Under New Mexico law, the board must require electronic real-time monitoring for the entire time the sex offender is on parole. *Id.* § 31-21-10.1(E).[7] We conclude that New Mexico considers the crime of criminal sexual contact of a minor to be a serious sexual offense.

Despite the differences between the respective statutes, we conclude that the New Mexico offense of criminal sexual contact of a minor is substantially similar to the Texas offense of indecency with a child by contact for the purposes of serving as a prior conviction of a sexually violent offense under the SVP statute. Because the evidence at trial conclusively established that Cleaveland had committed more than one prior sexually violent offense, we further conclude the trial court did not err when it granted the State's motion for directed verdict regarding Cleaveland's status as a repeat sexually violent offender. Additionally, Cleaveland's legal and factual sufficiency claims in issues one and two are based on his assertion that the evidence of his New Mexico conviction is insufficient to

---

[7]Texas also imposes intensive parole supervision on sex offenders. *See* Tex. Dep't of Criminal Justice, Policies – Parole Division, *available at* http://www.tdcj. state.tx.us/policy/pol_parole.html. (last visited July 18, 2014).

show that it was for a prior sexually violent crime, the same argument that we rejected in issue three. Because the trial court's judgment is based on sufficient evidence, we overrule Cleaveland's first three issues.

**Exclusion of Evidence**

In his fourth issue, Cleaveland contends the trial court erroneously excluded one of the opinions of his psychological expert, Dr. Marisa Mauro, who suggested that Cleaveland's offense against his New Mexico victim was motivated primarily by his anger and inability to control his anger, rather than to gratify his sexual desire. During direct examination, counsel asked Dr. Mauro if she had "an opinion about what his motivation was for that offense[.]" The State objected to the question, suggesting that Cleaveland's motivation for the offense had been established as a matter of law. The trial court sustained the State's objection.

We review the exclusion of expert testimony for abuse of discretion. *In re Commitment of Day*, 342 S.W.3d 193, 218 (Tex. App.—Beaumont 2011, pet. denied). "Excluding or admitting evidence is likely harmless if the evidence was cumulative or the rest of the evidence was so one-sided that the error likely made no difference in the judgment." *In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 WL 3355758, at *8 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.).

The record reflects that during Cleaveland's trial, the jury heard Dr. Mauro explain why, in her opinion, Cleaveland does not suffer from a behavioral abnormality that makes him likely to commit a sexually violent offense. With respect to Cleaveland's offense in New Mexico, Dr. Mauro explained that Cleaveland was "very angry and became very abusive and that maybe the biting occurred -- of the buttocks occurred as a result of that anger." On the question of whether Cleaveland has a behavioral abnormality, Dr. Mauro testified that Cleaveland "does not have a behavioral abnormality," and she explained that she did not diagnose Cleaveland with pedophilia, although she acknowledged that other doctors had done so. During her testimony, Dr. Mauro also explained that in her opinion, Cleaveland's New Mexico offense arose from his antisocial personality and drug use. She further explained that Cleaveland's "primary sexual focus is not children[.]" During her testimony, Dr. Mauro acknowledged that the witnesses' statements in the record regarding the circumstances of Cleaveland's New Mexico offense indicate that he was babysitting a three-year old girl when he became angry, put the child under a mattress and sat on her, grabbed her head and hit her against a wall, chained her with a dog chain, punched her in the head, kicked her, pulled her pants down, bit her on the buttocks, put his mouth on her genitals, took her outside and threw her in a swimming pool, flipped the pool over

22

her and punched her through the pool, put her on top of a shed, and rubbed a puppy on her face in an attempt to induce the dog to bite her. Dr. Mauro further explained that in her opinion, Cleaveland's criminal sexual contact "seemed to occur in the course of him being violent with her and hitting her and spanking her." Cleaveland's behavior, according to Dr. Mauro, is more consistent with his antisocial personality disorder than with pedophilia. Dr. Mauro also explained that a person's antisocial personality disorder does not correlate to an increased risk that the person will commit another sexually violent offense. Dr. Mauro stated that Cleaveland's New Mexico offense "seemed to be perpetuated more by the anger, the inability to control himself, the outburst, the impulsivity," which she explained were components of an antisocial personality disorder. Dr. Mauro also testified that, in her opinion, Cleaveland has not ever been a pedophile.

Cleaveland made an informal bill of exceptions regarding the excluded testimony. *See* Tex. R. Evid. 103(b). In the bill of review, Dr. Mauro attributed Cleaveland's motivation for his New Mexico offense to anger and to Cleaveland's inability to control that anger. As part of the bill, Dr. Mauro explained that Cleaveland's indictment for the New Mexico offense did not allege that Cleaveland committed the offense with the intent to gratify his sexual desire. Dr.

Mauro did not discuss the language found in Cleaveland's New Mexico indictment during her testimony before the jury.

On appeal, Cleaveland argues that by excluding the testimony offered in the informal bill, the trial court "effectively hamstrung [Cleaveland's] efforts to persuade the jury to find that he is not a *repeat* sexually violent offender." We disagree. As we have explained, the record conclusively established that Cleaveland was convicted in New Mexico of the offense of criminal sexual contact of a minor. Under New Mexico's law, the contact must be unlawful, meaning that it was committed to gratify a sexual desire. *See Osborne*, 808 P.2d at 630-31. Therefore, Dr. Mauro's testimony regarding Cleaveland's motivation conflicts with facts that were established conclusively by virtue of his conviction—that he committed that offense to arouse or gratify his sexual desire. Given that Dr. Mauro's opinion conflicted with the existing evidence that was conclusive regarding whether his motivation related to gratifying his own sexual desire, the trial court could have reasonably excluded the conflicting parts of her testimony. We hold the trial court's ruling to exclude the testimony at issue was not an abuse of discretion.

Moreover, even if the trial court erred by refusing to admit the testimony at issue, Dr. Mauro's opinions about Cleaveland's motivation that led to his New

24

Mexico conviction were largely cumulative of her other testimony that was before the jury. Therefore, the trial court's decision to exclude Dr. Mauro's additional opinions on the subject was not harmful. *See* Tex. R. App. P. 44.1(a)(1). We overrule issue four and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 4, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.