02-11-104-CR_pdr













 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00104-CR

 

 


 
 
 Loren Russell Looper
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County Criminal Court No. 10 OF Tarrant
COUNTY

----------

MEMORANDUM OPINION[1] ON APPELLANT’S
PETITION FOR DISCRETIONARY REVIEW

----------

Pursuant
to Texas Rule of Appellate Procedure 50,[2] we
withdraw our May 19, 2011 opinion and judgment and substitute the following.

A
jury convicted Appellant Loren Russell Looper for failing to yield the right of
way, and the Arlington municipal court of record sentenced him to pay “a fine
and costs totaling $84.00.”[3]  The municipal court “further Ordered
[Appellant to] pay the fine and costs totaling $183.00 to the State of Texas
for the use and the benefit of the City of Arlington.”  Appellant appeals the county criminal court’s
judgment affirming his municipal court conviction and sentence.  The State has filed a motion to dismiss this
appeal for want of jurisdiction.  For the
reasons outlined below, we grant the State’s motion and dismiss this appeal for
want of jurisdiction.

In a
criminal case, an appellant may appeal to this court from a municipal court’s
judgment affirmed by a county criminal court only if the judgment assesses a
fine exceeding $100 or the sole issue is the constitutionality of the statute
or ordinance under which the appellant was convicted.[4]  We do not have jurisdiction “to embrace any
case which has been appealed from any inferior court to the . . . county
criminal court . . . in which the fine imposed or affirmed by the . . . county
criminal court . . . does not exceed one hundred dollars, unless the sole issue
is the constitutionality of the statute . . . on which the conviction is
based.”[5]

The
plain language of these statutes does not include the term “costs” within the
amount that must exceed $100.[6]  The mandatory costs associated with the offense
for which Appellant was convicted exceed $83.[7]  Consequently, even if the fine assessed by
the trial court in its admittedly poorly worded judgment was not $84, it was in
no event more than $100.

In
his brief below, Appellant raised no issues challenging the constitutionality
of the statute on which his conviction is based.  Appellant challenges the constitutionality of
the statute on which his conviction is based for the first time in his
“Amendment & Response to the State’s Response on the Petition for
Discretionary Review.”  But section
30.00027(b) of the government code provides,

The provisions of the Code of Criminal Procedure relating
to direct appeals from a county or a district court to the court of appeals
apply to the appeal, except that:

(1) the record and briefs on appeal in the appellate
court constitute the record and briefs on appeal to the court of appeals unless
the rules of the court of criminal appeals provide otherwise; and

(2) the record and briefs shall be filed directly with
the court of appeals.[8]

Under
the statute, the briefs filed below constitute the briefs on appeal in this
court,[9] and
Appellant has not directed us to any rule of the Texas Court of Criminal
Appeals providing otherwise.[10]

Because
Appellant’s fine does not exceed $100 and his brief on appeal does not raise a
constitutional challenge to the statute under which he was convicted, we have
no jurisdiction in this matter.[11]  We therefore grant the State’s motion to
dismiss this appeal for want of jurisdiction, dismiss Appellant’s pending
motion alleging inaccuracies in the record as moot, and dismiss this appeal for
want of jurisdiction.

 

PER CURIAM

 

PANEL:  DAUPHINOT, J.; LIVINGSTON,
C.J.; and GARDNER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 21, 2011











[1]See
Tex. R. App. P. 47.4.





[2]Tex.
R. App. P. 50.





[3]See Tex. Transp. Code Ann. § 545.152 (West 2011).





[4]Act
of June 17, 2011, 82nd Leg., R.S., ch. 1324, § 4, 2011 Tex. Sess. Law Serv. n.p. (West) (to be codified as an
amendment to Tex. Gov’t Code Ann. §
30.00027(a)).





[5]Act
of June 17, 2011, 82nd Leg., R.S., ch. 1324, § 1, 2011 Tex. Sess. Law Serv. n.p.
(West) (to be codified as an amendment to Tex. Code Crim. Proc. Ann. art. 4.03).





[6]Act
of June 17, 2011, 82nd Leg., R.S., ch. 1324, §§ 1, 4, 2011 Tex. Sess. Law Serv. n.p. (West) (to be codified as
amendments to Tex. Code Crim. Proc. Ann. art. 4.03 and Tex. Gov’t Code Ann. §
30.00027(a) respectively); see also
Prudholm v. State, 333 S.W.3d 590, 594 n.16 (Tex. Crim. App. 2011) (citing Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991), for proposition that we give effect to plain language
of a statute unless it would lead to absurd results).





[7]See Tex. Gov’t Code Ann. §§ 102.021 (imposing at least $39 in
costs in various categories), .0212(3) (providing that person convicted of
nonjailable misdemeanor that is not an offense related to a pedestrian or the
parking of motor vehicle shall pay $40 in addition to all other costs),
.0213(1) (imposing additional cost of $3),
.121 (imposing additional costs of at least $6.10) (West Supp. 2010).





[8]Tex.
Gov’t Code Ann. § 30.00027(b)
(West 2004).





[9]See id.





[10]See Tex. R. App. P. 38.1(i); Russeau v. State, 171 S.W.3d 871, 881
(Tex. Crim. App. 2005), cert. denied,
548 U.S. 926 (2006); Tong v. State,
25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001); Mosley
v. State, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).





[11]Act
of June 17, 2011, 82nd Leg., R.S., ch. 1324, §§ 1, 4, 2011 Tex. Sess. Law Serv. n.p. (West) (to be codified as
amendments to Tex. Code Crim. Proc. Ann. art. 4.03 and Tex. Gov’t Code Ann. §
30.00027(a) respectively).