

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00104-CR

LOREN RUSSELL LOOPER                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
----------

Pursuant to Texas Rule of Appellate Procedure 50,[2] we withdraw our May 19, 2011 opinion and judgment and substitute the following.

A jury convicted Appellant Loren Russell Looper for failing to yield the right of way, and the Arlington municipal court of record sentenced him to pay "a fine

---

[1]*See* Tex. R. App. P. 47.4.

[2]Tex. R. App. P. 50.

and costs totaling $84.00."[3]  The municipal court "further Ordered [Appellant to] pay the fine and costs totaling $183.00 to the State of Texas for the use and the benefit of the City of Arlington."  Appellant appeals the county criminal court's judgment affirming his municipal court conviction and sentence.  The State has filed a motion to dismiss this appeal for want of jurisdiction.  For the reasons outlined below, we grant the State's motion and dismiss this appeal for want of jurisdiction.

In a criminal case, an appellant may appeal to this court from a municipal court's judgment affirmed by a county criminal court only if the judgment assesses a fine exceeding $100 or the sole issue is the constitutionality of the statute or ordinance under which the appellant was convicted.[4]  We do not have jurisdiction "to embrace any case which has been appealed from any inferior court to the . . . county criminal court . . . in which the fine imposed or affirmed by the . . . county criminal court . . . does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute . . . on which the conviction is based."[5]

---

[3]*See* Tex. Transp. Code Ann. § 545.152 (West 2011).

[4]Act of June 17, 2011, 82nd Leg., R.S., ch. 1324, § 4, 2011 Tex. Sess. Law Serv. n.p. (West) (to be codified as an amendment to Tex. Gov't Code Ann. § 30.00027(a)).

[5]Act of June 17, 2011, 82nd Leg., R.S., ch. 1324, § 1, 2011 Tex. Sess. Law Serv. n.p. (West) (to be codified as an amendment to Tex. Code Crim. Proc. Ann. art. 4.03).

2

The plain language of these statutes does not include the term "costs" within the amount that must exceed $100.[6] The mandatory costs associated with the offense for which Appellant was convicted exceed $83.[7] Consequently, even if the fine assessed by the trial court in its admittedly poorly worded judgment was not $84, it was in no event more than $100.

In his brief below, Appellant raised no issues challenging the constitutionality of the statute on which his conviction is based. Appellant challenges the constitutionality of the statute on which his conviction is based for the first time in his "Amendment & Response to the State's Response on the Petition for Discretionary Review." But section 30.00027(b) of the government code provides,

> The provisions of the Code of Criminal Procedure relating to direct appeals from a county or a district court to the court of appeals apply to the appeal, except that:

---

[6]Act of June 17, 2011, 82nd Leg., R.S., ch. 1324, §§ 1, 4, 2011 Tex. Sess. Law Serv. n.p. (West) (to be codified as amendments to Tex. Code Crim. Proc. Ann. art. 4.03 and Tex. Gov't Code Ann. § 30.00027(a) respectively); *see also Prudholm v. State*, 333 S.W.3d 590, 594 n.16 (Tex. Crim. App. 2011) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991), for proposition that we give effect to plain language of a statute unless it would lead to absurd results).

[7]*See* Tex. Gov't Code Ann. §§ 102.021 (imposing at least $39 in costs in various categories), .0212(3) (providing that person convicted of nonjailable misdemeanor that is not an offense related to a pedestrian or the parking of motor vehicle shall pay $40 in addition to all other costs), .0213(1) (imposing additional cost of $3), .121 (imposing additional costs of at least $6.10) (West Supp. 2010).

(1) the record and briefs on appeal in the appellate court constitute the record and briefs on appeal to the court of appeals unless the rules of the court of criminal appeals provide otherwise; and

(2) the record and briefs shall be filed directly with the court of appeals.[8]

Under the statute, the briefs filed below constitute the briefs on appeal in this court,[9] and Appellant has not directed us to any rule of the Texas Court of Criminal Appeals providing otherwise.[10]

Because Appellant's fine does not exceed $100 and his brief on appeal does not raise a constitutional challenge to the statute under which he was convicted, we have no jurisdiction in this matter.[11] We therefore grant the State's motion to dismiss this appeal for want of jurisdiction, dismiss Appellant's pending motion alleging inaccuracies in the record as moot, and dismiss this appeal for want of jurisdiction.

---

[8]Tex. Gov't Code Ann. § 30.00027(b) (West 2004).

[9]*See id.*

[10]*See* Tex. R. App. P. 38.1(i); *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005), *cert. denied*, 548 U.S. 926 (2006); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 1053 (2001); *Mosley v. State,* 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

[11]Act of June 17, 2011, 82nd Leg., R.S., ch. 1324, §§ 1, 4, 2011 Tex. Sess. Law Serv. n.p. (West) (to be codified as amendments to Tex. Code Crim. Proc. Ann. art. 4.03 and Tex. Gov't Code Ann. § 30.00027(a) respectively).

PER CURIAM

PANEL:  DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 21, 2011