

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00008-CR

_____

JOSHUA JACOBS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F1096-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion on Remand by Justice Moseley

# O P I N I O N   O N   R E M A N D

As a result of his unlawful contact with twelve-year-old K.R.,[1] a Bowie County jury found Joshua Jacobs guilty of aggravated sexual assault of a child.[2]  After Jacobs pled true to having previously been convicted of a prior felony in Louisiana, the trial court imposed a mandatory sentence[3] of imprisonment for life.  Jacobs appealed to this Court and asserted that the trial court erred (1) in enhancing his punishment to life imprisonment by using his prior conviction in Louisiana (the Louisiana conviction),[4] (2) by unreasonably restricting his voir dire of the jury, and (3) by admitting evidence of the Louisiana conviction during the guilt/innocence phase of his trial in violation of Article 38.37 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2018).  We reversed the judgment of the trial court and remanded the case for a new trial, finding that the trial court erred by unreasonably restricting Jacobs' voir dire and that such error was constitutional error and harmful.  *Jacobs v. State*, 506 S.W.3d 127, 139–40 (Tex. App.—Texarkana 2016), *rev'd & remanded*, No. PD-1411-16, 2018 WL 4905292 (Tex. Crim. App. Oct. 10, 2018).  In that opinion, we declined to address Jacobs' other issues.

The Texas Court of Criminal Appeals granted the State's petition for discretionary review, which conceded error, but challenged our finding that the error was of constitutional dimension.

---

[1]Persons who were minors at the time of the offenses discussed in this opinion will be referenced by initials, and their relatives will be referenced by pseudonyms.  *See* TEX. R. APP. P. 9.10.

[2]*See* Act of April 7, 2011, 82d Leg., R.S., ch. 1, § 6.05, 2011 Tex. Gen. Laws 1, 16 (amended 2015, 2017) (current version at TEX. PENAL CODE § 22.021(a)(1)(B)(i)).

[3]*See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i), (B) (West Supp. 2018).

[4]The Louisiana conviction was for felony carnal knowledge of a juvenile.  *See* LA. REV. STAT. ANN. § 14:80 (West, Westlaw through 2018 3d E. Sess.).

2

*Jacobs*, 2018 WL 4905292, at *2. That Court interpreted Jacobs' point of error to be that the trial court violated his constitutional rights by unreasonably restricting his voir dire examination, held that no constitutional violation occurred,[5] reversed our judgment, and remanded the case to this Court to consider Jacobs' remaining issues. *Id.* at *3, *6–7. Because we find that any error in admitting evidence of the Louisiana conviction was harmless, we will affirm the trial court's judgment of conviction. However, because we find that the trial court erred in using the Louisiana conviction to impose an automatic life sentence, we will reverse the trial court's judgment as to punishment, and we will remand this cause for a new hearing on punishment.

## I. Any Error in Admitting Evidence of the Louisiana Conviction Was Harmless

In his third issue, Jacobs complains that the trial court erred in admitting evidence of the Louisiana conviction.[6] Jacobs argues that since Article 38.37 of the Texas Code of Criminal Procedure does not specifically allow the use of out-of-state convictions, out-of-state convictions are not admissible during the guilt/innocence phase of the trial.

In a trial for certain listed sexual offenses involving child victims, Article 38.37, Section (2)(b), allows the admission of "evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) . . . in the trial . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity

---

[5]The Texas Court of Criminal Appeals held that since Jacobs only asserted a constitutional violation, it was unnecessary to address nonconstitutional voir dire error. *Jacobs*, 2018 WL 4905292, at *7.

[6]At the hearing on his pretrial motion to exclude any evidence concerning his offense of felony carnal knowledge of a juvenile, Jacobs made it clear to the trial court that he was seeking to exclude not only the Louisiana conviction, but also any evidence that he had committed an offense, whether or not it resulted in a conviction. On appeal, Jacobs only complains of the admission of evidence of the Louisiana conviction and only contends that the admission of the Louisiana conviction was harmful to his case.

with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(2)(b). Subsections (a)(1) and (2) list specific sections of the Texas Penal Code related to offenses for sex trafficking of a child, continuous sexual abuse of a child or children, indecency with a child, sexual assault of a child, aggravated sexual assault of a child, online solicitation of a minor, sexual performance by a child, possession or promotion of child pornography, and an attempt or conspiracy to commit one of these offenses. TEX. CODE CRIM. PROC. ANN. art. 38.37, § (2)(a)(1), (2). Jacobs points out that Texas' other statutes that allow the use of convictions from other states contain clauses allowing the use of those convictions only if they are substantially similar to the listed Texas offenses. *See, e.g.*, TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v) (West Supp. 2018); TEX. CODE CRIM. PROC. ANN. art. 62.003(a) (West 2018). He argues that since Article 38.37 does not contain a similar clause, and since the Louisiana statute under which he was convicted is not specifically listed in Article 38.37, his conviction under that statute was not admissible.

We need not address whether Article 38.37 allows the admission of out-of-state convictions. Assuming, arguendo, that the trial court erred in admitting evidence of the Louisiana conviction, the error was harmless. Admitting evidence in violation of a rule of evidence is considered nonconstitutional error. *See Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). We disregard nonconstitutional error, unless it affects substantial rights of the defendant. TEX. R. APP. P. 44.2(b); *Warr v. State*, 418 S.W.3d 617, 621 (Tex. App.—Texarkana 2009, no pet.). A conviction will not be overturned for nonconstitutional error if, after examining the whole record, we have

4

"fair assurance that the error did not influence the jury, or had but a slight effect." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting *Johnson*, 967 S.W.2d at 417).

In determining whether the jury's decision was adversely influenced by the error, we "consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Baxter v. State*, 66 S.W.3d 494, 499 (Tex. App.—Austin 2001, pets. ref'd); *Warr*, 418 S.W.3d at 621. We may also consider the jury instructions, the parties' theories, and closing arguments, if material to the appellant's claim. *Baxter*, 66 S.W.3d at 499; *Warr*, 418 S.W.3d at 621. Whether the State emphasized the erroneous evidence may also be a factor. *Motilla v. State*, 78 S.W.3d 352, 356 (Tex. Crim. App. 2002). Improper admission of evidence is not reversible error if other unchallenged evidence proves the same facts. *Murphy v. State*, 12-07-00368-CR, 2009 WL 2450990, at *2 (Tex. App.—Tyler Aug. 12, 2009, pet. ref'd) (mem. op., not designated for publication); *Warr*, 418 S.W.3d at 621 (citing *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986)).

Jacobs does not point us to any place in the record where evidence of the Louisiana conviction was admitted into evidence in the guilt/innocent phase of the trial, and our independent review of the record reveals no such evidence. There were two instances in which witnesses referenced prior bad acts in Louisiana, but no evidence that he was convicted of those actions. The first instance came at the conclusion of the testimony of B.H., the victim of Jacobs' offense in Louisiana, as follows:

5

Q. (BY MS. CRISP [Attorney for the State]): You did not testify in a trial in Louisiana?

A. No, ma'am, I did not.

Q. Okay. Your understanding was it resulted in a conviction?

MR. WILLIAMS [Attorney for the Defendant]: Objection. It would come from hearsay and --

MS. CRISP: She's got to know how her case ended.

THE COURT: It's overruled. If she knows the answer.

. . . .

Q. (BY MS. CRISP) Are you aware if the case ended without a jury trial?

A. Yes, ma'am.

Q. Okay. And the case was resolved through a plea bargain situation?

A. Yes, ma'am.

The second instance occurred when the officer who investigated the current offense responded affirmatively when asked whether she became aware "of the prior of the State of Louisiana."

However, in the rest of her testimony (about which Jacobs does not complain on appeal), B.H. detailed how she met Jacobs through an online message from Jacobs while she was at the library in Mooringsport, Louisiana. Although she told him she was only thirteen years old, he arranged to meet her, and they walked to Caddo Lake, where they had sexual intercourse under a bridge. She affirmed that his actions were with her consent and that Jacobs had not forced her, obtaining her consent through neither threats nor violence.

6

In addition, K.R., who was thirteen years old at the time of trial, testified that when she was twelve years old, she and her mother lived in the same house as Jacobs and his brother, Wayne. On the night of November 25, 2015, her mother left her alone with Jacobs. She testified that while she was alone with Jacobs, he put his mouth on her chest and his fingers in her private area. She also testified that she was really scared and that thoughts were racing through her mind.

K.R.'s mother, Valerie, provided more detail. Valerie testified that she had known Jacobs for twenty-one years and that she had previously been engaged in a romantic relationship with Jacobs' brother, Wayne. She testified that she left the house that evening to pick up Wayne and that K.R. stayed with Jacobs for game night. While she was gone, Jacobs texted her and said that game night had been cancelled. Some time later, K.R. texted her and said she needed her to come home because Jacobs was being nasty. When she returned home, K.R. was scared, shaking, and crying and told her that Jacobs had put his hand on her vagina. When the police arrived, K.R. reported that Jacobs had shoved his fingers in her, K.R. indicating this by pointing at her breasts and vagina.[7]

Testimony also showed that in a forensic interview at the Children's Advocacy Center (CAC), K.R. told the interviewer that Jacobs put his hands inside her private and that it hurt. K.R. reported the same thing to a Sexual Assault Nurse Examiner (SANE) on the night of the incident and added that Jacobs had kissed her and licked her breasts. The SANE also reported that her examination revealed redness and some swelling on K.R.'s right labia majora, consistent with

---

[7]The policemen apparently then believed that they could testify about this means of revelation, but that they could not repeat what she had told them verbally.

7

digital penetration. As a result of K.R.'s statement, the SANE swabbed K.R.'s breasts and vaginal area. DNA analysis of those swabs showed that Jacobs could not be excluded as a major contributor of the DNA collected from K.R.'s right nipple. Swabbing from Jacobs' fingernail clippings showed at least two contributors to the DNA collected, and neither Jacobs nor K.R. could be excluded as contributors.

In its opening statement, the State mentioned briefly that Jacobs had been convicted in Louisiana of a similar offense, but then concentrated on what happened with B.H. and that at the time of the incident, B.H. was thirteen years old and Jacobs was twenty-six years old. In his opening statement, Jacobs argued that he was not guilty of aggravated sexual assault, which required penetration of some kind, but that if K.R.'s story was entirely true, he was guilty only of indecency with a child by sexual contact, but not the charged offense. In its closing argument, the State referred one time to Jacobs as a repeat offender. However, the great majority of its argument regarded the facts of the current offense. Even its discussion of B.H.'s testimony was relatively brief. Jacobs argued that the DNA evidence showed that Jacobs did not commit any offense and that the State failed to prove that he had committed either the charged offense or a lesser-included offense.

Under this record, we have a fair assurance that the brief testimonial references to the Louisiana conviction had no influence, or but a slight effect, on the jury. The testimony showed that K.R. made an immediate outcry that Jacobs had digitally penetrated her vagina and that it hurt. In her subsequent statements to the CAC interviewer and the SANE, she was consistent in complaining of the digital penetration and that it was painful. Further, the examination by the

8

SANE found physical evidence that was consistent with K.R.'s complaint. In addition, B.H.'s testimony showed that Jacobs had previously committed similar acts on a different girl who was about the same age as K.R. Considering the testimony as a whole, and the State's lack of emphasis on the Louisiana conviction, we are fairly assured that any error in admitting this evidence had either no influence, or only a slight effect, on the jury. Consequently, we overrule Jacobs' third issue.

## II. The Trial Court Erred in Using the Louisiana Conviction to Impose a Life Sentence

In his first issue, Jacobs complains that the trial court erred in using the Louisiana conviction to enhance his punishment to life imprisonment under Section 12.42(c)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(c)(2) (West Supp. 2018). We agree.

### A. Standard of Review

Under Section 12.42(c)(2) of the Texas Penal Code, a person convicted of certain sexual offenses[8] who has previously been convicted for one of the sexual offenses listed in Section 12.42(c)(2)(B) of the Texas Penal Code must receive an automatic life sentence. TEX. PENAL CODE ANN. § 12.42(c)(2)(B); *Anderson v. State*, 394 S.W.3d 531, 535 (Tex. Crim. App. 2013). The automatic life sentence enhancement also applies when the "defendant has previously been convicted of an offense . . . under the laws of another state containing elements that are substantially similar to the elements of an [enumerated Texas] offense." *Anderson*, 394 S.W.3d at 535 (quoting TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v)). In this case, the State argued (and the

---

[8]Jacobs was convicted of aggravated sexual assault, which is included among the designated sexual offenses. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i) (West Supp. 2018).

trial court concurred with this argument) that the Louisiana statute under which Jacobs was convicted—felony carnal knowledge of a juvenile[9]—is substantially similar to Section 22.011 of the Texas Penal Code regarding a child victim (the Texas sexual assault/child victim statute).[10] Since the trial court's "substantially similar" finding is a question of law, it is subject to our de novo review. *Hardy v. State*, 187 S.W.3d 232, 236 (Tex. App.—Texarkana 2006, pet. ref'd).

### B.    The *Prudholm* Process

The Texas Court of Criminal Appeals first set forth a two-prong analysis for determining if an out-of-state sexual offense contains elements that are substantially similar to a listed Texas sexual offense in *Prudholm v. State*. *Prudholm v. State*, 333 S.W.3d 590, 594–95 (Tex. Crim. App. 2011); *Anderson*, 394 S.W.3d at 535–36. First, we compare the elements of the out-of-state statute and the listed Texas statute, which "must display a high degree of likeness." *Prudholm*, 333 S.W.3d at 594; *Anderson*, 394 S.W.3d at 535. The elements do not have to be identical "and need not parallel one another precisely." *Anderson*, 394 S.W.3d at 535. Further, it is not required that "a person who is guilty of an out-of-state sexual offense would necessarily be guilty of a Texas sexual offense." *Id.* at 536. However, "the out-of-state offense cannot be markedly broader than or distinct from the Texas prohibited conduct." *Id.*

Under the second prong, "the 'elements must be substantially similar with respect to the individual or public interests protected *and* the impact of the elements on the seriousness of the offenses.'" *Id.* (quoting *Prudholm*, 333 S.W.3d at 595). In this two-step analysis, we "first

---

[9]*See* LA. REV. STAT. ANN. § 14:80 (West, Westlaw through 2018 3d E. Sess.).

[10]*See* Act of May 28, 2003, 78th Leg., R.S., ch. 528, § 1, 2003 Tex. Gen. Laws 1805, 1806 (amended 2005, 2009, 2017) (current version at TEX. PENAL CODE § 22.011(a)(2)).

determine if there is a 'similar danger to society' that the two statute[s are] trying to prevent." *Id.* (quoting *Prudholm*, 333 S.W.3d at 595 n.21). We "then determine if the class, degree, and punishment range of the two offenses are substantially similar." *Id.* Significantly,

> if another out-of-state offense (rape, for example) more closely mirrors the Texas offense (sexual assault, for example), but "specifically excludes" the compared out-of-state offense (sexual battery, for example), this indicates that the other out-of-state offense (rape), not the compared one (sexual battery), is substantially similar to the Texas one.

*Id.* at 536–37 (citing *Prudholm*, 333 S.W.3d at 599).

Since no single factor is dispositive, we "must weigh all factors before making a determination." *Id.* at 537. Further, the Texas Court of Criminal Appeals has cautioned that the "determination must be made with sensitivity because the defendant is subject to an automatic life sentence." *Id.* Since the automatic enhancement to life imprisonment "applies only to specifically listed serious sex offenses, . . . courts must be careful to ensure that the out-of-state offense truly is 'substantially similar' to those serious Texas sex offenses that call for an automatic life-imprisonment enhancement." *Id.*

### C. Analysis

Jacobs was convicted in Louisiana of "Felony Carnal Knowledge of a Juvenile." In relevant part, the Louisiana statute provides:

> A. Felony carnal knowledge of a juvenile is committed when:

> (1) A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater; . . .

11

. . . .

B.    As used in this Section, "sexual intercourse" means anal, oral, or vaginal sexual intercourse.

C.    Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary, and penetration, however slight, is sufficient to complete the crime.

LA. REV. STAT. ANN. § 14:80(A)(1), (B), (C). It appears that oral, anal, and vaginal intercourse all require some penetration, but are otherwise not defined in the statute.[11] Felony carnal knowledge of a juvenile is punishable by a fine of up to $5,000.00, or imprisonment for not more than ten years, or both. LA. REV. STAT. ANN. § 14:80(D)(1).

The State has contended (both at trial and on appeal) that the elements of this offense are substantially similar to those of the Texas offense of "Sexual Assault/Child Victim." At the time, that statute provided:

(a)    A person commits an offense if the person:

. . . .

(2)    intentionally or knowingly:

(A)    causes the penetration of the anus or sexual organ of a child by any means;

(B)    causes the penetration of the mouth of a child by the sexual organ of the actor;

(C)    causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

---

[11]Oral sexual intercourse is defined in the Louisiana rape statute, but that definition is limited to Part II, Subpart C, of the Criminal Code, entitled "Rape and Sexual Battery." *See* LA. REV. STAT. ANN. § 14:41(C)(1), (2) (West, Westlaw current through 2018 3d E. Sess). Felony carnal knowledge of a juvenile is contained in Part V, Subpart A, of the Criminal Code, entitled "Offenses Affecting Sexual Immorality." *See* LA. REV. STAT. ANN. § 14:80.

(D)     causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(E)     causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

Act of May 28, 2003, 78th Leg., R.S., ch. 528, § 1, 2003 Tex. Gen. Laws 1805, 1806 (amended 2005, 2009, 2017).  A person younger than seventeen years of age is defined as a child.  TEX. PENAL CODE ANN. § 22.011(c)(1) (West Supp. 2018).  Further, it is an affirmative defense if it is shown that at the time of the offense, the actor is the spouse of the victim, or the actor, *inter alia,* was no more than three years older than the victim and the victim, *inter alia*, was fourteen years of age or older.  TEX. PENAL CODE ANN. § 22.011(e)(1), (2) (West Supp. 2018).

## 1.     Is There a High Degree of Likeness?

The acts proscribed by both of these statutes are somewhat similar.  Both statutes proscribe the penetration, however slight, of the child's anus, sexual organ, or mouth by the sexual organ of the actor, and vice versa.  The two statutes are not identical.  For instance, the Texas statute contains additional proscribed acts (such as digital or other means of penetration of the child's anus or sexual organ and the touching of the anus or genitals of the child with the mouth of the actor, and vice versa).  Further, the Louisiana statute applies only when the victim is between thirteen and sixteen years of age and when the perpetrator is at least seventeen years of age and four or more years older than the victim.  Taking into account the available affirmative defenses, the Texas statute applies differently depending on the age of the victim and the perpetrator.  When the victim is thirteen years of age or younger, the statute applies regardless of the age of the perpetrator.  But when the victim is at least fourteen years of age, but less than seventeen years of

13

age, the statute only applies if the perpetrator is more than three years older than the victim. This latter age category is substantially similar to the applicable ages under the Louisiana statute. *See Prudholm*, 333 S.W.3d at 593–94 (citing a one-year age difference in the requisite age of the victim as an example of elements that are substantially similar, but not identical). Finally, the Louisiana statute only applies in instances of consensual sexual intercourse, whereas the Texas statute applies irrespective of the victim's consent. Thus, the Texas statute applies to a broader range of acts and ages. However, the Texas Court of Criminal Appeals has indicated that it is only when the out-of-state statute is significantly broader in scope that this prong is negatively impacted. *Anderson*, 394 S.W.3d at 535. Nevertheless, these differences may impact our analysis under the second prong.

Even though there are differences in the two statutes, where the statutes parallel, they both proscribe similar acts and they apply to victims and perpetrators of substantially similar ages. We find that this prong weighs slightly in favor of a finding that the elements are substantially similar.

### 2. What Are the Individual or Public Interests Protected and What is the Impact of the Elements on the Seriousness of the Offense?

The second prong of the *Prudholm* analysis requires that "(1) the 'individual or public interest protected' are substantially similar, and (2) the 'impact of the elements on the seriousness of the offense' is substantially similar." *Anderson*, 394 S.W.3d at 539.

#### a. The Interests Protected

As noted earlier, the Louisiana statute only applies to consensual sexual intercourse. Louisiana distinguishes this conduct from nonconsensual sexual intercourse, which is proscribed in its rape statutes. *See* LA. REV. STAT. ANN. §§ 14:42–:43 (West, Westlaw through 2018 3d E.

Sess.). The felony carnal knowledge of a juvenile statute is contained in Part V, Subpart A, of the Louisiana Criminal Code. Part V is entitled "Offenses Affecting the Public Morals," and Subpart A is entitled "Offenses Affecting Sexual Immorality." *See* LA. REV. STAT. ANN. § 14:80. In addition, the Supreme Court of Louisiana has noted,

> The policy underlying [the felony carnal knowledge of a juvenile] statute is a presumption that, because of their innocence and immaturity, juveniles are prevented from appreciating the full magnitude and consequences of their actions. At the heart of these types of statutes is the concern that juveniles should not be exploited for sexual purposes regardless of their "consent."

*State v. Granier*, 765 So.2d 998, 1001 (La. 2000). Thus, the Louisiana statute recognizes that as children in their early and middle teenage years begin to mature sexually, their emotional and societal maturity may be lacking, making them vulnerable to corrupting influences. It appears that the purpose of this statute is to protect children from sexual exploitation that may result from their immature choices and to help preserve their morals and those of the public. In contrast, the Texas sexual assault/child victim statute, like the Louisiana rape statutes, seeks to provide "protection from the severe physical and psychological trauma of rape." *Prudholm*, 333 S.W.3d at 599. Further, it appears that under the Louisiana legislative scheme, felony carnal knowledge of a juvenile, like the conduct proscribed in the Louisiana sexual battery statute, encompasses conduct that falls short of actual rape. *See State v. Schenck*, 513 So.2d 1159, 1162 (La. 1987).

> **b.** **The Impact of the Elements on the Seriousness of the Offense**

Sexual assault in Texas is generally characterized as a second-degree felony that is punishable by no less than two nor more than twenty years' imprisonment and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.33 (West 2011), § 22.011(f) (West Supp. 2018). In

15

Louisiana, felony carnal knowledge of a juvenile is punishable by a fine up to $5,000.00, or imprisonment "with or without hard labor" for up to ten years, or both. LA. REV. STAT. ANN. § 14:80(D)(1). Although both states' offenses are felonies, Texas' punishment range for essentially the same crime is much more severe. A sexual assault conviction in Texas can result in a minimum prison sentence of two years and a maximum of twenty years and may also result in a fine of up to $10,000.00. In contrast, a conviction for felony carnal knowledge of a juvenile in Louisiana may only result in a fine up to $5,000.00, or it may result in imprisonment with no minimum and up to a maximum of ten years.

In our *Prudholm* analysis, we also consider other relevant Louisiana statutes that may more closely mirror the Texas sexual assault/child victim statute. *See Anderson*, 394 S.W.3d at 536–37 (citing *Prudholm*, 333 S.W.3d at 599). The Louisiana rape statute defines "rape" as "the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent." LA. REV. STAT. ANN. § 14:41(A) (West, Westlaw current through 2018 3d E. Sess). Under the Louisiana rape statutes "oral sexual intercourse" means "(1) [t]he touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender [or] (2) [t]he touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim." LA. REV. STAT. ANN. § 14:41(C)(1), (2). Thus, the Louisiana rape statutes contain elements substantially similar to the mouth to anus or sexual organ contact proscribed by the Texas sexual assault/child victim statute. These elements are not present in the felony carnal knowledge of a juvenile statute. Further, in Louisiana, third-degree rape is punishable by imprisonment at hard labor for not more than twenty-five years. LA. REV. STAT. ANN. § 14:43(B). Thus, Louisiana

16

punishes rape more severely than felony carnal knowledge of a juvenile, and its punishment for rape is more in line with that imposed under the Texas sexual assault/child victim statute. In addition, the Louisiana first-degree rape statute applies when anal, oral, or sexual intercourse is deemed to be without the lawful consent of the victim, including when the victim is under thirteen years of age. LA. REV. STAT. ANN. § 14:42(A)(4). This comports with the broader scope of the Texas sexual assault/child victim statute that applies to victims under fourteen years of age or younger, without regard to either consent or the age of the perpetrator. As a whole, the elements, degrees, and punishment ranges of the Louisiana rape statutes "more closely mirror" the Texas sexual assault/child victim statute. *See Anderson*, 394 S.W.3d at 536–37; *see also Castle v. State*, 402 S.W.3d 895, 906 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (finding that the Louisiana rape statutes more closely mirror the Texas sexual assault statute than the Louisiana sexual battery statute).

Since the interests sought to be protected by the two compared statutes, and the impact of the elements, are markedly different, and since the Louisiana rape statutes more closely mirror the Texas sexual assault/child victim statute, we find that this prong weighs heavily against a finding that the elements are substantially similar.

After considering each of the *Prudholm* factors, we conclude that the elements of the Louisiana offense of felony carnal knowledge of a juvenile and the Texas offense of sexual assault/child victim are not substantially similar. Therefore, we find that the trial court erred in finding that Jacobs' prior Louisiana conviction for felony carnal knowledge of a juvenile is

17

substantially similar to the Texas offense of sexual assault/child victim and in sentencing Jacobs to an automatic sentence of life imprisonment. We sustain Jacobs' first issue.

Since the trial court imposed an automatic life sentence rather than considering the full range of punishment for Jacobs' conviction for aggravated sexual assault of a child under fourteen years of age, we remand to the trial court for a new sentencing hearing.

For the reasons stated, we affirm the trial court's judgment of conviction, but we reverse the trial court's judgment as to punishment and remand this cause to the trial court for a new punishment hearing.

Bailey C. Moseley
Justice

Date Submitted:     November 6, 2018
Date Decided:       November 30, 2018

Publish