

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1360-18

**JOSHUA JACOBS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## BOWIE COUNTY

*Per curiam.*

## O P I N I O N

Appellant was convicted of aggravated sexual assault of a child and, pursuant to Texas

Penal Code § 12.42(c)(2)(A)(i) and (B)(v), sentenced to life in prison. He appealed, arguing

that the Louisiana conviction used to enhance his punishment was not "substantially similar"

to the elements of a Texas offense, as required by the statute.

The Court of Appeals applied the two-pronged test from *Prudholm v. State*, 333 S.W.3d 590 (Tex. Crim. App. 2011), and *Anderson v. State*, 394 S.W.3d 531 (Tex. Crim. App. 2013), to conclude that the two statutes were not "substantially similar." *Jacobs v. State*, 565 S.W.3d 87 (Tex. App. – Texarkana 2018, pet. granted). It therefore reversed the trial court's judgment on punishment and remanded for a new punishment hearing. *Id.*

The State has filed a petition for discretionary review of this decision. We recently abandoned the second prong of the *Prudholm/Anderson* test in *Fisk v. State*, No. PD-1360-17, 2019 Tex. Crim. App. LEXIS 541 (Tex. Crim. App. June 5, 2019).

The Court of Appeals in the instant case did not have the benefit of our opinion in *Fisk*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Fisk*.

DATE DELIVERED: July 24, 2019

PUBLISH