

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00008-CR

_____

JOSHUA JACOBS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F1096-102

Before Morriss, C.J., Burgess and Moseley,* JJ.
Opinion on Second Remand by Justice Moseley

_____
*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

OPINION ON SECOND REMAND

As a result of his unlawful contact with twelve-year-old K.R,[1] a Bowie County jury found Joshua Jacobs guilty of aggravated sexual assault of a child.[2] After Jacobs pled true to having been previously convicted of a prior felony in Louisiana (the Louisiana Conviction), the trial court imposed a mandatory sentence[3] of life imprisonment. Jacobs appealed to this Court and asserted that the trial court erred (1) in enhancing his punishment to life imprisonment by using his prior conviction in Louisiana,[4] (2) by unreasonably restricting his voir dire of the jury, and (3) by admitting evidence of the Louisiana Conviction during the guilt/innocence phase of his trial in violation of Article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. We reversed the judgment of the trial court and remanded the case for a new trial, finding that the trial court erred by unreasonably restricting Jacobs' voir dire and that such error was constitutional error and harmful. *Jacobs v. State*, 506 S.W.3d 127, 139–40 (Tex. App.— Texarkana 2016), *rev'd & remanded*, 560 S.W.3d 205 (Tex. Crim. App. 2018). In that opinion, we declined to address Jacobs' other issues.

The Texas Court of Criminal Appeals granted the State's petition for discretionary review, which conceded error, but challenged our finding that the error was constitutional in dimension.

---

[1]Persons who were minors at the time of the offenses discussed in this opinion will be referenced by initials, and their relatives will be referenced by pseudonyms. *See* TEX. R. APP. P. 9.10.

[2]*See* Act of April 7, 2011, 82d Leg., R.S., ch. 1, § 6.05, 2011 Tex. Gen. Laws 1, 16 (amended 2015, 2017) (current version at TEX. PENAL CODE § 22.021(a)(1)(B)(i)).

[3]*See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i), (B).

[4]The Louisiana Conviction was for felony carnal knowledge of a juvenile. *See* LA. REV. STAT. ANN. § 14:80 (West, Westlaw through 2018 3d E. Sess.).

2

*Jacobs*, 560 S.W.2d at 208.  That court interpreted Jacobs' point of error to be that the trial court violated his constitutional rights by unreasonably restricting his voir-dire examination, held that no constitutional violation occurred,[5] reversed our judgment, and remanded the case to this Court to consider Jacobs' remaining issues.  *Id.* at 208–09, 214–15.

In our opinion on first remand, we found that any error in admitting evidence of the Louisiana Conviction was harmless, and we affirmed the trial court's judgment of conviction. *Jacobs v. State*, 565 S.W.3d 87, 94, 99 (Tex. App.—Texarkana 2018), *judgm't vacated in part & remanded*, No. PD-1360-18, 2019 WL 3308563 (Tex. Crim. App. July 24, 2019) (per curiam). However, because we found that the trial court erred in using the Louisiana Conviction to impose an automatic life sentence, we reversed the trial court's judgment as to punishment and remanded this cause for a new hearing on punishment.  *Id.* at 98–99.  In our analysis of this latter issue, we applied the two-prong test for determining whether an out-of-state statute was substantially similar to a statute listed in Section 12.42(c)(2)(B) of the Texas Penal Code elucidated in *Prudholm v. State*, 333 S.W.3d 590 (Tex. Crim. App. 2011), *abrogated in part by Fisk v. State*, 574 S.W.3d 917 (Tex. Crim. App. 2019), and *Anderson v. State*, 394 S.W.3d 531 (Tex. Crim. App. 2013), *abrogated in part by Fisk v. State*, 574 S.W.3d 917 (Tex. Crim. App. 2019).  *Jacobs*, 565 S.W.3d at 94–99.

Subsequent to the issuance of our opinion on first remand, the Texas Court of Criminal Appeals decided *Fisk v. State*, 574 S.W.3d 917 (Tex. Crim. App. 2019).  In that opinion, the Texas

---

[5]The Texas Court of Criminal Appeals held that since Jacobs only asserted a constitutional violation, it was unnecessary to address nonconstitutional voir dire error. *Jacobs*, 2018 WL 4905292, at \*7.

Court of Criminal Appeals abandoned the second prong of the *Prudholm/Anderson* test. *Id.* at 925. Consequently, that court granted the State's second petition for discretionary review in this case, vacated our judgment reversing the trial court's judgment on punishment, and remanded the case to this Court a second time for reconsideration in light of the *Fisk* opinion. *Jacobs*, 2019 WL 3308563, at *1.

## I. No Error in Using the Louisiana Conviction to Enhance Jacob's Punishment

In his first issue, Jacobs complains that the trial court erred in using the Louisiana Conviction to enhance his punishment to life imprisonment under Section 12.42(c)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(c)(2).

### A. Standard of Review

Under Section 12.42(c)(2) of the Texas Penal Code, a person convicted of certain sexual offenses[6] who has previously been convicted for one of the sexual offenses listed in Section 12.42(c)(2)(B) of the Texas Penal Code must receive an automatic life sentence. TEX. PENAL CODE ANN. § 12.42(c)(2)(B); *Fisk*, 574 S.W.3d at 919. The automatic life sentence enhancement also applies when "*the defendant has been previously convicted of an offense . . . under the laws of another state containing elements that are substantially similar to the elements of an [enumerated Texas] offense.*" *Fisk*, 574 S.W.3d at 919 (quoting TEX. PENAL CODE ANN. § 12.42(c)(2)(B)). In this case, the State argued (and the trial court agreed) that the Louisiana statute under which Jacobs was convicted—felony carnal knowledge of a juvenile[7]—is

---

[6]Jacobs was convicted of aggravated sexual assault, which is included among the designated sexual offenses. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i).

[7]*See* LA. REV. STAT. ANN. § 14:80 (West, Westlaw through 2018 3d E. Sess.).

substantially similar to Section 22.011 of the Texas Penal Code regarding sexual assault of a child (the Texas Sexual Assault/Child Victim statute).[8]  Since the trial court's "substantially similar" finding is a question of law, it is subject to our de novo review.  *Hardy v. State*, 187 S.W.3d 232, 236 (Tex. App.—Texarkana 2006, pet. ref'd).

### B.    **"Substantially Similar" Under** *Fisk*

In our prior opinion, we applied the two-prong test to determine whether the elements of the Louisiana statute under which Jacobs had previously been convicted had elements that were "substantially similar" to a listed sexual offense, as set forth by the Court of Criminal Appeals in *Prudholm v. State* and *Anderson v. State*.  *See Prudholm*, 333 S.W.3d at 594; *Anderson*, 394 S.W.3d at 536.  The first prong of the *Prudholm/Anderson* test "required 'that the elements being compared . . . must display a high degree of likeness, but may be less than identical.'"  *Fisk*, 574 S.W.3d at 920 (quoting *Prudholm*, 333 S.W.3d at 594).  "The second prong required 'that the elements must be substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offenses.'"  *Id*. (quoting *Prudholm*, 333 S.W.3d at 595).

In *Fisk*, the Texas Court of Criminal Appeals abrogated the second prong of this test and overruled *Prudholm* and *Anderson* to the extent that they imposed the second prong for determining substantial similarity under Section 12.42(c)(2).  *Id*. at 925.  The court also disavowed the suggestion in *Anderson* "that the out-of-state statute and the Texas statute must substantially

---

[8]*See* Act of May 28, 2003, 78th Leg., R.S., ch. 528, § 1, 2003 Tex. Gen. Laws 1805, 1806 (amended 2005, 2009, 2017) (current version at TEX. PENAL CODE § 22.011(a)(2)).

overlap in order to meet the requirement of a high degree of likeness." *Id*. at 921. Rather, Section 12.42(c)(2)'s substantially similar requirement is met "[i]f the defendant was previously convicted of an offense under laws containing elements that are substantially similar to the elements of an offense under a given Texas penal statute." *Id*.

Further, *Fisk* noted that it is irrelevant that the out-of-state statute contains other ways of committing the offense that are not contained in the Texas statute and that are not implicated by the defendant's prior conviction. *Id*. at 922. It is also irrelevant that the Texas statute may contain multiple ways of committing an offense, such as sexual assault, that are not found in the out-of-state statute. *Id*. Rather, "[t]he only issue is whether a conviction for an offense under [the out-of-state statute] is a conviction for an offense under laws 'containing elements that are substantially similar to the elements of an offense' under [the Texas penal statute]." *Id*. (quoting TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v)). Substantial similarity does not require identical elements, but "only elements that 'display a high degree of likeness.'" *Id*. (quoting *Prudholm*, 333 S.W.3d at 594). Finally, "it is not necessary that a person guilty of crime under a foreign law would also be guilty under Texas law." *Id*. at 922–23 (citing *Prudholm*, 333 S.W.3d at 595).

## C.   Analysis

In this case, Jacobs pled true to the State's enhancement allegation that before the commission of the current offense, Jacobs had been convicted under the laws of Louisiana of felony carnal knowledge of a juvenile in Cause Number 280028 in the First District Court of Caddo Parish, Louisiana (the Louisiana Conviction). Jacobs also stipulated to the evidence in the penitentiary packet related to the Louisiana Conviction. That evidence showed that Jacobs had

6

been charged with, pled guilty to, and convicted of felony carnal knowledge of a juvenile under Section 14:80 of the Revised Louisiana Statutes. Specifically, the evidence showed that Jacobs had been convicted of having consensual sexual intercourse with B.H., a fourteen-year old girl who was not his spouse, when he was over the age of seventeen and there was more than four years age difference between them. B.H.'s testimony showed that the sexual intercourse was vaginal.

In relevant part, the Louisiana statute provides:

A. Felony carnal knowledge of a juvenile is committed when:

(1) A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater; . . .

. . . .

B. As used in this Section, "sexual intercourse" means anal, oral, or vaginal sexual intercourse.

C. Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary, and penetration, however slight, is sufficient to complete the crime.

LA. REV. STAT. ANN. § 14:80(A)(1), (B), (C). It appears that oral, anal, and vaginal sexual intercourse all require some penetration, but are otherwise not defined in the statute.[9]

---

[9] Oral sexual intercourse is defined in the Louisiana rape statute, but that definition is limited to Part II, Subpart C, of the Criminal Code, entitled "Rape and Sexual Battery." *See* LA. REV. STAT. ANN. § 14:41(C)(1)–(2). Felony carnal knowledge of a juvenile is contained in Part V, Subpart A, of the Criminal Code, entitled "Offenses Affecting Sexual Immorality." *See* LA. REV. STAT. ANN. § 14:80.

The State contends that this statute is substantially similar to the Texas offense of "Sexual Assault/Child Victim." At the time of this offense, that statute provided in relevant:

(a)    A person commits an offense if the person:

. . . .

(2)    intentionally or knowingly:

(A)    causes the penetration of the anus or sexual organ of a child by any means;

(B)    causes the penetration of the mouth of a child by the sexual organ of the actor[.]

Act of May 28, 2003, 78th Leg., R.S., ch. 528, § 1, 2003 Tex. Gen. Laws 1805, 1806 (amended 2005, 2009, 2017). A person younger than seventeen years of age is defined as a child. TEX. PENAL CODE ANN. § 22.011(c)(1). Further, it is an affirmative defense if it is shown that at the time of the offense, the actor is the spouse of the victim, or the actor, *inter alia*, was no more than three years older than the victim and the victim, *inter alia*, was fourteen years of age or older. TEX. PENAL CODE ANN. § 22.011(e)(1)–(2).

Jacobs points out that the Louisiana statute contains multiple ways to commit felony carnal knowledge of a juvenile, other than the particular way that Jacobs committed the offense. However, since the elements of Jacobs' prior conviction were shown, this fact is irrelevant to our analysis. *See Fisk*, 574 S.W.3d at 922. He also argues that the Texas Sexual Assault/Child Victim statute is broader in scope because it addresses offenses against children under age thirteen, addresses other types of penetration (such as digital), and addresses non-consensual sexual contact.

8

However, "[i]t is also irrelevant that Section 22.011 criminalizes other ways of committing sexual assault that are not found in" the Louisiana statute. *Id.*

As noted above, it was shown at trial that Jacobs was convicted in Louisiana for having consensual vaginal sexual intercourse with a fourteen-year-old girl who was not his spouse, when he was over the age of seventeen and there was more than four years age difference between them. When the victim is at least fourteen years of age, but less than seventeen years of age, the Louisiana statute criminalizes this behavior when the perpetrator is at least seventeen years of age and more than four years older than the victim. Under the Texas statute, when the victim is at least fourteen years of age, but less than seventeen years of age, the statute criminalizes the behavior if the perpetrator is more than three years older than the victim. This one-year age difference (four years older vs. three years older) will not defeat substantial similarity. *See id.* at 923 (a one-year age difference in the definition of a child does not defeat substantial similarity); *Prudholm*, 333 S.W.3d at 593–94 (citing a one-year age difference in the requisite age of the victim as an "example of elements that are substantially similar, but not identical").

Another difference between the Louisiana statute and the Texas Sexual Assault/Child Victim statute is that the Louisiana statute only penalizes consensual sexual intercourse, while the Texas Sexual Assault/Child Victim statute penalizes intentional and knowing conduct, irrespective of whether the act was consensual. Nevertheless, even when there is a difference in the specific intent required under the two statutes, "the elements may still be substantially similar." *Fisk*, 574 S.W.3d at 923 (quoting *Prudholm*, 333 S.W.3d at 594).

9

Even though there are some differences, both the Louisiana statute and the Texas Sexual Assault/Child Victim statute proscribe the penetration of a child's anus, sexual organ, or mouth by a person's sexual organ. Consequently, on this record, we find that Jacobs was convicted of an offense under a Louisiana statute that contains elements that are substantially similar to the elements of the Texas Sexual Assault/Child Victim statute. *See id.* We overrule Jacobs' first issue.

For the reasons stated, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     August 21, 2019
Date Decided:      August 27, 2019

Publish